Hill et al. *v.* Enders et al.

HENRY HILL *et al.,* Appellants, *v.* WILLIAM F. ENDERS *et al.,* Appellees.

APPEAL FROM HANCOCK.

A plea to an action upon a promissory note, which avers that a part of the sum included in the note as the consideration, was so included upon the express agreement with the plaintiffs that suit should not be brought upon it for sixty days, which time had not elapsed, is good as showing a partial failure of consideration.

A plea, which avers an agreement not to sue, made subsequent to the note, would be bad.

THIS was an action of assumpsit, brought in the Circuit Court of Hancock county, by the appellees, against the appellants and others not served. The cause was tried at the October term of said court, 1857, before SIBLEY, Judge, and a jury, who rendered a verdict in favor of the appellees and against the appellants, for $1,737.18 damages, for which and costs the court rendered a judgment.

The declaration contains one special and the usual common counts. The special count is upon a promissory note given by the appellants and the other defendants below as partners, under the firm name of Hill, Knox & Co., to the appellees, for $1,721.89, bearing date September 19th, 1857, and payable to the appellees or order, one day after date, with interest from date at ten per cent. per annum, and is in the usual form.

The appellants filed three pleas. The first, non-assumpsit, upon which issue was joined. The second and third pleas were special. To these last the appellees demurred, and the appellants joined in the demurrer. The court sustained the demurrer, and gave the appellants leave to amend both of said pleas.

The appellants afterwards filed the following amended pleas, as amendments to their aforesaid second and third pleas, to wit:

" And now come the defendants, Henry Hill, William Hill, John Hill, James B. Hill, and Peter Hill, and for amendment to their plea secondly above pleaded, say *actio non,* as to 594$\frac{40}{100}$ dollars claimed in said declaration, because they say that five hundred and ninety-four $\frac{40}{100}$ dollars of the consideration of the note in said declaration mentioned was included in said note, and that amount of said consideration of said note was the agreement of the plaintiffs to extend the time of the payment of said note for sixty days from the date thereof, and that they, said plaintiffs, would not demand payment of said note, nor *sue* upon the same for sixty days from the date thereof, and

that so much of said consideration has failed in this, that said plaintiffs brought suit upon said note and demanded payment of the same before the expiration of said sixty days from the date thereof, and did not extend the said time of the payment of said note, but on the contrary, in violation of that agreement, brought suit upon the same before the expiration of said sixty days, and this they are ready to verify, wherefore they pray judgment, etc."

" And now come the defendants, Henry Hill, William Hill, John Hill, James B. Hill, and Peter Hill, and for amendment to their plea thirdly above pleaded, say *actio non*, because they say that after the execution of the note in said declaration mentioned, and on the same day of the execution thereof, that the plaintiffs, for a valuable consideration to them paid by the defendants in this cause, to wit: On the day of the execution of said note, and after the same was executed and delivered to the said plaintiffs, they, said plaintiffs, agreed and contracted to and with the defendants to extend the time of the payment of said note for sixty days from the date thereof, which period had not elapsed previous nor at the time of the commencement of this suit, and this they are ready to verify, wherefore they pray judgment, etc."

The appellees demurred generally to said amended plea No. 2, and the appellants joined in said demurrer ; but the court sustained the same to the plea.

The cause was tried and judgment rendered, at October term, 1857.

The aforesaid amended plea, No. 3, was filed on the 21st of October, 1857, and at the time of said trial and judgment it had in no way been disposed of. No issue, either of fact or law, had been formed on it, and no replication, demurrer, or other answer had been filed to it.

WHEAT & GROVER, for Appellants.

WILLIAMS, GRIMSHAW & WILLIAMS, for Appellees.

SKINNER, J. This was an action of assumpsit on a promissory note executed by the defendants below to the plaintiffs, and made payable one day after date. The defendants pleaded the general issue and two special pleas. The first special plea alleges that as to five hundred and ninety-four dollars of the promissory note sued on, the same was included in the note as the consideration of an agreement, then made, on the part of the plaintiffs, with the defendants, that suit should not be brought on the note for the period of sixty days after the making thereof ;

that the plaintiffs, disregarding this agreement, did not delay suit on the same for sixty days, but, before the expiration of said period, brought this suit on said note; and these facts were pleaded as a part failure of consideration.

The second special plea sets up an agreement, for a valuable consideration, made after the execution of the note and on the same day, between the plaintiffs and defendants, that the plaintiffs should not demand payment of the note for sixty days thereafter, and alleges that that period had not elapsed at the time of the commencement of the suit.

To the first special plea the court sustained a demurrer, and the second special plea being unanswered, the cause was tried on the general issue, and judgment rendered for the plaintiffs.

The defendants below seek to reverse the judgment, on the grounds that the court erred in sustaining the demurrer to their first special plea, and in rendering judgment against them while their second special plea remained unanswered.

It is true that parol evidence of a contract made at the time of, or prior to, the execution of a written contract, is not admissible to change the legal force and effect of the writing, or to make the contract different from what the writing imports. The contract sued on was to pay a sum of money on a given day, and this contract is in no manner changed by the facts set up in the first special plea.

Notwithstanding these facts, the plaintiffs could sue when the note by its terms became due, and their contract to forbear suit would be no bar, although they might be liable for damages, perhaps, for its violation. The consideration of the note, as well as the failure of the consideration, may be proved by parol.

Here, the five hundred and ninety-four dollars was a part of the note, and the consideration of this amount was the undertaking to delay suit for sixty days.

The note being sued on before the expiration of that period, in violation of the agreement upon the faith of which that sum was incorporated into the note and promised to be paid, the consideration of the note necessarily in part failed. The defendants did not get what they were to have as the consideration of this portion of the note, and it would be inequitable for the plaintiffs to have the money and withhold the consideration by them agreed to be given for it. We hold the plea substantially good, as a plea of part failure of consideration.

The second special plea constitutes no bar to the action. *Guard* v. *Whiteside*, 13 Ill. R. 7. It was immaterial; and had issue, by traverse of the facts alleged, been joined on it, and found for the defendants, the plaintiffs would have been entitled

to judgment, notwithstanding the verdict, the issue being immaterial. *McCully* v. *Silverburg*, 18 Ill. R. 306.

Judgment reversed and cause remanded.

*Judgment reversed.*