GABRIEL J. THOMAS and JONES FULLER, Partners, under the firm of THOMAS & FULLER, Respondents,

*vs.*

JEROME THOMAS and ENOS P. WOOD, Partners, under the firm of J. THOMAS & CO., Appellants.

#### APPEAL FROM CRAWFORD CIRCUIT COURT.

A complete acceptance of a bill of exchange communicated to the holder, is not revocable in the hands of innocent third parties.

Where the drawers and holders of a bill are the same, it is competent for the acceptors to show that they accepted the bill for too much, when the mistake is discovered immediately upon the acceptance, and communicated to the holders.

As between the original parties to a bill or note, and those identified in equity, the presumption of consideration is not conclusive, but is open to inquiry.

This was an action commenced before the code, by the service of a declaration and notice of rule to plead. The declaration contained a special count on the acceptance of a bill of exchange, and also the money counts, with a copy of said bill, which was as follows:

" $277, 27-100.

NEW YORK, December 7, 1855.

Twenty days after sight pay to the order, Thomas & Fuller, two hundred and seventy-seven 27-100 dollars, value received, with exchange on New York, and charge the same to the account of                                THOMAS & FULLER.

J. THOMAS & Co.

The bill was endorsed in blank, Thomas & Fuller, and across the face was written " accepted for payment, January 15, 1856. J. Thomas & Co." Plea : *non assumpsit.*

On the 10th day of November, 1857, Enos P. Wood, one of the defendants, made and filed the following affidavit :

" STATE OF WISCONSIN,   ⎱
   Crawford County.   ⎰   Enos P. Wood, being first duly sworn according to law, upon his oath, saith : that he is one of the above named defendants, and that the acceptance mentioned in the plaintiffs' declaration as a principal cause of action, purports to be in his hand writing. Affiant further says, that the signature to said acceptance is not genuine, but was by him signed by mistake, said mistake being immediately discovered and explained to the agent of the plaintiffs, and the draft was delivered to him under protest."

The cause was tried at the May term, 1858, by a jury, when the plaintiff introduced in evidence the said bill of exchange and acceptance, and rested.

The defendants then called John Thomas, who testified " that he was present when the said draft was presented to the defendants for acceptance, by Hercules L. Dousman; that Enos P. Wood, one of the defendants, wrote the acceptance which appears across the face of said draft, but immediately informed Mr. Dousman that he had accepted said draft by mistake, that the whole amount of said draft was not due and owing from the defendants to the plaintiffs, and that they, the defendants, would not pay the same."

" Also, H. L. Dousman, who testified : I presented to the defendants the draft upon which this action is brought. Enos P. Wood, one of the defendants, wrote the acceptance which appears upon the face of the draft, and delivered it to me. Said Wood immediately said that he had accepted the draft by mistake ; that the whole amount of said draft was not due and owing from the defendants to the plaintiffs. Said Wood then and there claimed that about forty-five dollars ought to be deducted from the face of said draft, and asked permission

to erase or change the acceptance so as to conform to the true balance due from the defendants to the plaintiffs, which I refused to permit him to do. I informed the persons who sent me the draft what the defendants claimed in relation to the same, by letter, and enclosed the draft in the same letter. I conclude that the plaintiffs have learned the facts stated in my letter as they have the draft I enclosed it in."

The evidence being closed, the judge charged the jury as follows :

" That if the defendants accepted the said draft, and delivered it to the plaintiffs or their agent, the acceptance was valid and binding in the law, notwithstanding the said acceptance might have been by mistake, and the mistake explained immediately after such delivery ; that the defendants could only be relieved against such mistake by applying for such relief to the court in the proper manner."

" That if said jury believe, from the evidence, that said draft had been accepted by the defendants by mistake for more than was due thereon, that they, the jury, were at liberty to find a verdict for the plaintiffs for so much as the defendants actually owed the plaintiffs' on said drafts."

To which the defendants excepted. The jury returned a verdict for the plaintiffs for the amount of said draft, and the defendants appealed.

*D. H. Johnson and J. H. Knowlton,* for the appellants.

1. The circuit court erred in treating the writing of a formal acceptance, and the signing of the same by pure mistake as an acceptance at all. A contract is well defined to be "a *deliberate* engagement between competent parties, upon a legal consideration, to do or abstain from doing some act." Story on Contracts, § 1. It is nonsense to contend that the writing of a brief form of words upon some paper by mistake, without intending to make such a contract as is thereby created

upon the face of a proceeding, is a deliberate engagement. It is immaterial whether the mistake is as to the paper subscribed, or the existence of a sufficient subsisting consideration for subscribing the same. The subscribing is not the deliberate act of the party if made under the influence of mistake as to facts, and not as to law.

2. The appellants had a clear right to erase the acceptance before it was returned to the respondents. The witness Dousman, appears to have been a mere messenger. There is no proof of his agency. The handing back of the draft to him was not, therefore, a delivery to the holders, and the right to erase was what he had no right to deny ; and we apprehend that this court will not enforce a contract signed by mistake, merely because the party signing was forcibly prevented from erasing his name. Byles on Bills 151; *Cox et als. vs. Troy*, 5 Barn. and Ald., 474.

3. In the last case above cited, the defendants had pleaded the general issue, and that plea is always proper where the defence goes to the making of the contract. 1 Chitty's Pl. 476.

4. A court of law is quite as competent to correct a palpable mistake as a court of equity, when, as in this case, a general judgment for either party will operate as a complete relief. 1 Story's Equity Jurisprudence, § 76, 1 Hills N. Y. Rep. 287.

*Hutchinson & Merrill, and C. Dunn*, for the Respondents.

1. When an acceptance is once made and the bill has been delivered to the holder, the transaction is complete, and the acceptance is irrevocable. Chitty on Bills, 337 ; Byles on Bills, 152 ; Edwards on Bills and Promissory Notes, 434 ; Story on Bills, § 252.

2. The instruction of the circuit court, to which the second exception of the appellants is taken, cannot be reviewed by the appellate court because the jury disregarded the said in-

Thomas and Fuller vs. Thomas and Co.

struction, as appears by the fact that their verdict was for the full amount claimed by the plaintiffs below ; and further, because there was no fact in the case upon which the said opinion was based.   5 Wis. 187.

*By the Court*, COLE, J.   This is an action upon a bill of exchange.   The respondents residing in New York, drew upon the appellants, a firm doing business at Prairie du Chien, for two hundred and seventy-seven 27-100 dollars, payable to their own order, twenty days from sight.   The circumstances under which the bill was presented and accepted by the appellants are fully disclosed in the testimony of Mr. Dousman, a witness sworn on the part of the appellants in the court below.   He says:

" I presented to the defendants the draft upon which the action is brought.   Enos P. Wood, one of the defendants, wrote the acceptance, which appears upon the face of the draft, and delivered it to me.   Said Wood immediately said that he had accepted the draft by mistake, that the whole amount of said draft was not due, and owing from the defendants to the plaintiffs.   Said Wood then and there claimed that about forty-five dollars ought to be deducted from the face of said draft, and asked permission to erase or change the acceptance so as to conform to the true balance due from the defendants to the plaintiffs : which I refused to permit him to do. I informed the persons who sent me the draft what the defendants claimed in relation to the same, by letter, and enclosed the draft in the same letter.   I conclude that the plaintiffs have learned the facts stated in my letter, as they have the draft I enclosed in it."   Some other testimony was given to the same effect, for the purpose of showing that Wood claimed he had accepted the draft for more than was due and owing from the appellants to the respondents.

The circuit court then charged the jury "that if the defendants accepted the said draft and delivered it to the plaintiffs or their agent, the acceptance was valid and binding in the law, notwithstanding the said acceptance might have been by mistake, and the mistake explained immediately after such delivery; that the defendants could only be relieved against such mistake by applying for such relief to the court in a proper manner." This charge was excepted to by the counsel for the appellants. The circuit court further charged the jury "that if they believed from the evidence that the draft had been accepted by the defendants by mistake, for more than was due thereon, that they were at liberty to find a verdict for the plaintiff for so much as the defendants actually owed the plaintiffs on the draft."

It appears to us that this charge is inconsistent, and contradictory with itself in stating two irreconcilable propositions of law, and was calculated to confuse and mislead the jury, to the prejudice of the appellants. The first part of this charge, as a matter of law, assumes that when a bill of exchange has been once accepted and delivered back to the holders, the transaction is complete, and the acceptance becomes irrevocable, and that therefore, even in an action between the original parties, it was not competent for the acceptors to show that they have through mistake, accepted for more than was due the drawers. The second part of the charge lays down the contrary proposition, and as we think, the correct one, when applied to the facts and circumstances of this case. An acceptance of a bill of exchange is an engagement to pay according to the tenor of the acceptance, and a general acceptance is an engagement to pay according to the tenor of the bill. Bayley on Bills, Ch. 6, § 1; Byles on bills, Ch. 13; Edwards on Bills, Ch. 405. The act of accepting a bill of exchange, is like the making and delivering of a promissory note; it is the execution of a contract by which

the acceptor undertakes to pay the amount mentioned in the bill to the payee or holder thereof, when the same becomes due. Story on Bills, § 113; Chitty on Bills, § 333. And for the protection of negotiable paper in the hands of innocent third parties, it is held that a complete acceptance of a bill communicated to the holder is not revocable. But where the drawers and holders of the bill are the same, is it not competent for the acceptors to show that they accepted the bill for too much, when this mistake is discovered immediately upon the acceptance, and communicated to the holders? By analagous principles it would seem as if this could be done.

" In regard to the consideration, it is well settled in the law merchant that, in negotiable securities, in the hands of innocent third persons, a valid and sufficient consideration for the drawing or acceptance, is conclusively presumed. But as between the original parties, and those identified in equity with them, this presumption is not conclusive but disputable, and the consideration is open to inquiry." 2 Greenl. Ev., § 199. " If the consideration has only partially failed, and the deficiency is susceptible of definite computation, this may be shown in defence *pro tanto.*" *id.* The consideration of a promissory note is inquirable into between the original parties. *Winchell vs. Latham* 6 Cow., R. 682; *Slade vs. Halsted,* 7 do. 322; *Oakley vs. Boorman & Johnson,* 21 Wend.. 588. As this action is between the original parties, where the original consideration is open to examination, we do not see why the equitable circumstances which may subsist between the drawers and acceptors, cannot be inquired into. Suppose the appellants had given the respondents their promissory note for the amount due upon settlement, and had discovered immediately on giving the note that there was a mistake, and that the note was given for too much; in an action between these parties, would it not be competent to show the mistake, and

Thomas and Fuller vs. Thomas and Co.

confine the recovery to the real amount due? In principle, wherein would such a case differ from the present? And we cannot see that any more hardship or inconvenience would result to the parties in the one ease than in the other. Under the special circumstances of this case, we therefore think it was competent for the appellants to show that they had accepted the draft for too much through mistake, and confine the recovery to the real consideration received.

Furthermore, it is very questionable from the evidence, whether there was a good delivery of the bill to the drawers before the mistake was discovered by the acceptors. We shall not go into a discussion of the testimony upon this point, as we deem it unnecessary. Our observations already made, we think dispose of the case. It will be borne in mind that the action was tried under the code which abolishes or proposes to abolish all distinction between legal and equitable defences, and we think it was competent for the acceptors to show the real consideration.

The judgment of the circuit court is therefore reversed, and a new trial ordered.