THE GREAT WESTERN INSURANCE COMPANY, Plaintiff in Error, *v.* JAMES H. REES, who sues for the use, etc., Defendant in Error.

ERROR TO THE SUPERIOR COURT OF CHICAGO.

In an action brought upon an instrument of writing for the payment of money or property, or the performance of covenants or conditions to an obligee or payee, partial or total failure of consideration may be pleaded.

The case of *Lane* v. *Sharp*, 3 Scammon, 566, explained and qualified.

THE facts of this case are stated in the opinion of the Court. The court found for the plaintiff below, defendant in error here.

A. W. WINDETT, for Plaintiff in Error.

The second and third pleas were good in bar of the action.

The facts therein pleaded showed a failure of consideration; and, being fully confessed by the demurrer, constituted a complete defense.

It was competent to aver a different and additional consideration from that alluded to in the written agreement sued upon. *Sidders* v. *Riley*, 22 Ill. 110, 111; *Marsh* v. *Bennett*, 22 Ill. 313, 314; *Goodell* v. *Price*, 2 Hill, 660, 662; *McCrea* v. *Purmort*, 16 Wend. 460; *Wallis* v. *Wallis*, 4 Mass. 135; *Bolles* v. *Beach*, 2 N. J. R. 671; 9 Tanner (Ind.) 30, 35; 13 Maine, 233; 7 Greenl. 175; 4 Mass. 680; 17 Mass. 249; *King* v. *Scammonden*, 3 Term, 474.

And such a variance between the consideration alleged, in the special counts of the narr., and the actual consideration proved, or, as in this case, offered to be proved, was fatal to the plaintiff's right to recover in this action. 1 Greenl. Ev., secs. 58—68.

The evidence offered in recoupment was competent, and it should have been allowed.

The demand on the note in question, and the grievance complained of by the defendant, arose out of the same subject-matter, and out of the same transaction, and were proper

to be recouped in damages. *Stow* v. *Yarwood*, 14 Ill. 424—427; *Stearns* v. *Marsh*, 4 Denio, 427; *Babcock* v. *Trice*, 18 Ill. 420.

The recital in the written agreement, or note, sued upon, did not relate to the terms or stipulation of the contract, but only to a historical fact. And we had the right to show by parol that part of the whole transaction which related to, and constituted, the actual consideration. *Sidders* v. *Riley*, 22 Ill. 111; *Marsh* v. *Bennett*, 22 Ill. 314.

The errors assigned are:

In sustaining the demurrer to the second and third pleas, filed by defendant below, and in rendering judgment for plaintiff for amount stated.

In refusing to allow defendant to prove a variance of consideration; in refusing to allow him to prove failure of consideration.

In refusing to allow defendant to prove the same facts in recoupment of plaintiff's damage, and overruling motion for new trial.

SCAMMON, McCAGG & FULLER, for Defendant in Error.

We cite the following cases, as showing that when one good consideration is named in an instrument, which remains in full effect, the maker cannot set up other considerations, and allege a failure of them, because this would be to vary the terms of the written instrument: *Schermerhorn* v. *Vanderheyden*, 1 Johns. 139; *Winchell* v. *Latham*, 6 Cow. 689, top; *Maigley* v. *Hauer*, 7 Johns. 341; *Preston* v. *Merceau*, 2 Wm. Black. 1249; *Lane* v. *Sharp*, 3 Scam. 567; *Penny* v. *Graves*, 12 Ill. 288; *Farrar* v. *Hinch et al.*, 20 Ill. 646; *Walters* v. *Smith*, 23 Ill. 342; *Harlow* v. *Boswell*, 15 Ill. 56.

BREESE, J. This was an action of assumpsit brought in the Superior Court of Chicago, on the following instrument in writing:

$625.25.            CHICAGO, March 18, 1858.

For value received, the Great Western Insurance Company promise to pay to the order of James H. Rees, six hundred and fifty-six 25-100 dollars, as follows:

Eighteen 25-100 dollars on the first of May next, and thirty seven 50-100 dollars quarterly thereafter on the first days of August, November, February and May of each year, until the first day of August, 1862, this being for the sale of the lease of office No. 148 (east half) South Water street; and in case of loss of the building by fire, the sum accruing hereon to terminate therefrom; payable at the office of the Exchange Bank, Chicago, Illinois.

JAMES H. REES, *Prest.*

H. W. ZIMMERMAN,    *G. W. Ins. Co.*

   *Secy. G. W. Ins. Co.*

To the declaration the defendant below filed, besides the general issue, two special pleas, to which demurrers were sustained.

The first special plea is clearly bad, as it purports to answer the whole declaration, and is, in fact, but an answer to part.

The second special plea is in these words:

"*Actio non*, etc. Because as to $600 of the sum named in said note or contract in writing, mentioned in said narr., the whole and sole consideration therefor was the pretended sale by the Garden City Insurance Company to defendants, of the good will and right of said Garden City Insurance Company, in their business as an insurance company, and in their list of risks and the right to succeed them therein, and possess and enjoy the same, and to that end to have and use the said list of risks, which was then worth $600, and which said Garden City Insurance Company then and there agreed with defendants that they should have, possess, and enjoy, without let or hindrance by or on part of said Garden City Insurance Company, its servants, officers or others. In sole consideration whereof, the said note or contract in writing of said $600 thereof, was made and given by defendants to said Garden City Insurance Company. Yet, that after defendants made and gave said note or contract in writing to said Garden City Insurance Company, the said company wrongfully, and without just cause, refused to allow or permit the defendants to have possession of or enjoy the said good will in their said business, or to have, or use the said list of risks, or to succeed them in their said business, but wrongfully and without cause, interrupted and disturbed and prevented defendants in their possession, use and enjoyment thereof, so that defendants were

thereby wholly deprived of and lost the same, and the whole value and profit thereof. That in consequence thereof, the consideration of said note or contract, to the extent of $600, failed and was wholly lost to defendants, solely by the wrongful acts of said Garden City Insurance Company, and their violation of their said agreement, of all which matters Haddock had actual notice before receiving said note."

This plea, in form, is a good plea, and is good in substance also. It is not obnoxious to any of the objections urged against it, and is allowed by section 10, chap. 73, title "Negotiable Instruments." That section provides, among other things, " if the consideration upon which such note, bond, bill, or instrument in writing was made or entered into, has wholly or in part failed, it shall be lawful for the defendant or defendants against whom such action shall have been commenced by such obligee or payee, to plead such want of consideration, or that the consideration has wholly or in part failed ; and if it shall appear that any such note, etc., was made or entered into without a good or valuable consideration, or that the consideration has wholly failed, the verdict shall be for the defendant; and if it shall appear that the consideration has failed in part, the plaintiff shall recover according to the equity of the case." (Scates' Comp. 292.)

It has been uniformly held by this court, under such a plea, that the consideration of the note must of necessity be inquired into—it must be known what it really was, in order to see if the facts proved amount to a failure of consideration, either partial or total. The door is necessarily thrown wide open to disclose the whole truth about the consideration. A note may express on its face to be for value received, yet, under this statute, who will deny that the maker may contradict it, by showing it was in fact given without consideration, without value received. Suppose a note recites that it is given for a horse, or any other article of property, delivered the maker, he may plead and prove, by way of failure of consideration, that the payee refused to let him have the horse—that, in fact, the property never was delivered ; and so in the great multitude of cases which constantly occur, the party charged may,

under this statute, contradict the note as to the consideration for which it was given, otherwise the statute would be useless and unmeaning. In fact, our statute, to give it effect, makes such cases an exception to the general rule, that you may not, by parol, vary the terms of a written instrument.

In this view, it was competent to the defendant to plead and prove, under the second special plea, that the note sued on was given, not for the sale of the lease of office No. 148, but for the good will and right of the Garden City Insurance Company, in their business as an insurance company, and in their list of risks, and the right to succeed them therein, and to possess and enjoy the same, and to that end, to have and use their list of risks. If these were worth six hundred dollars, or any other sum, and were the true consideration of the note, and were not made over to him, the defendant was entitled to a reduction to that extent, in the recovery against him. It is impossible that this statute can be made effective in any other way than by receiving such proofs; and in receiving them, the old rule, that written contracts cannot be varied by parol, becomes, in all such cases, ineffective.

The ruling of this court, therefore, in *Lane* v. *Sharp*, 3 Scam. 566, and in all subsequent cases founded upon that, is to be considered as having no application to a case where no consideration, or a partial or total failure of consideration, is properly pleaded in an action brought upon an instrument of writing for the payment of money or property, or the performance of covenants or conditions to an obligee or payee.

We must give effect to the statute, and that can only be done by opening wide the door of inquiry as to the real consideration for which such notes and instruments were, in fact, given. The demurrer should have been overruled to the second special plea. The judgment upon it, in favor of the plaintiff below, is reversed, and the cause remanded, with leave to the plaintiff to reply to the plea.

*Judgment reversed.*