# CASES ARGUED AND DETERMINED

IN THE

# SUPREME COURT

OF THE

## STATE OF WISCONSIN.

---

### PETERSON vs. JOHNSON.

PROMISSORY NOTE.—*Partial Failure of Consideration—Oral Evidence.*

1. A partial failure of the consideration for a note is a good defense *pro tanto* to an action upon it by the payee, or one having only his rights.
2. To show such failure, parol evidence of what took place at the time the note was made, is admissible.
3. Where A., pending an action in garnishment against him by a judgment creditor of B., made his note to B. for the whole claim of B. against him, with an oral agreement that in case of a judgment against him as garnishee the amount of it should be deducted from the note, and such judgment was afterwards rendered against and paid by him, these facts might be shown by parol in an action on the note, as evidence of a partial failure of consideration.

APPEAL from the Circuit Court for *Dane* County.

Action on a note executed by defendant to one Arneson, under date February 5, 1865, for $200, with interest, payable February 1, 1866, on which certain payments were admitted, leaving a balance of $89.48. Answer, that on the 4th of November, 1865, defendant was duly garnished in a

VOL. XXII.—3.

suit by one Pratt against said Arneson and one Obdall; that defendant, being indebted to Arneson in the sum of about $200, made answer accordingly in the garnishee suit, after duly tendering to Arneson the conduct of the defense of said suit; that on the 18th of the same month, judgment was duly rendered against Arneson and Obdall in favor of said Pratt for $66.18, and also judgment against the present defendant, in the garnishee suit, for the same amount, which last judgment defendant was compelled to pay, and did pay, in December, 1865; that after the commencement of said garnishee proceedings, defendant, at the request of Arneson, made the note in question, but dated it back by his direction; that it was agreed between defendant and Arneson, at the time the note was made, that if judgment in the garnishee action should be rendered against this defendant and paid by him, the amount so paid should be endorsed on the note and applied as a payment thereon; and that the plaintiff took the note with full knowledge of this agreement. The answer also alleges a further payment not indorsed on the note, which, with the sum of $66.18, above mentioned, constituted a payment in full; and set up a counter-claim. At the trial, the court received, against plaintiff's objection, oral evidence in support of this defense, and instructed the jury, in effect, that if they found the facts as alleged in the answer, defendant was entitled to a credit on the note, of the amount paid by him as garnishee.

Verdict for the defendant for the amount of his counter-claim; new trial denied; and plaintiff appealed from a judgment on the verdict.

*J. D. Gurnee*, for appellant:

Parol evidence of an agreement made at the time of the execution of a note, to vary or contradict its terms, is inadmissible. If defendant is permitted to show the parol agreement alleged, the effect is that, instead of a contract to

pay $200 absolutely to Pratt, it becomes a contract to pay a portion of that sum either to Pratt or to Arneson; to Pratt if he obtained judgment in the garnishee suit, and otherwise to Arneson. A note payable in the alternative is void. Story on Bills, § 54; *Masselman v. Oakes*, 19 Ill., 81; Story on Promissory Notes, §§ 33–35; *Cowie v. Stirling*, 36 Eng. L. & E., 165. The instrument, with such an agreement engrafted upon it, is not a promissory note. *Bolton v. Dugdale*, 4 Barn. & Adolph., 125; *Leeds v. Lancashire*, 2 Campb., 205. Hence the agreement operates in defeasance of the note. Proof of oral agreement at the time of making a note, that one of the makers should be held liable on a contingency, or that the note was payable on a contingency, is inadmissible. 4 G. Greene (Iowa), 567; 2 Phillipps on Ev., 673. Parol evidence of an agreement made at the time of the execution of a note, that the same was to be paid *in any other way* than as therein expressed, is inadmissible. *St. Louis Perp. Ins. Co. v. Homer*, 9 Met., 39; *Bradley v. Bentley*, 8 Vt., 243; *Cotton v. Lane*, Minot (1 Ala. O. S.), 320; *Featherston v. Wilson*, 4 Ark., 154; *Allen v. Furbish*, 4 Gray, 504; *Low v. Treadwell*, 12 Me., 441. Again, suppose the garnishee proceedings had remained undetermined for some time after the note became due: could *Johnson* have interposed this defense to a suit on the note? Could he have restrained its collection until the garnishee suit should be determined? If so, the legal operation of the note would be entirely controlled by the agreement. Would not the agreement *contradict* the note as to *the time of payment?* *Free v. Hawkins*, 8 Taunt., 92; *Hunt v. Adams*, 7 Mass., 518. Proof of a contemporaneous oral agreement inconsistent with the face of the note, and affixing to it a condition that it should be void on the happening of a certain contingency, or which would subtract from the absolute terms of the note, or provide for the payment of it out of any

particular fund, is inadmissible.  *Hunt v. Adams*, 7 Mass., 518; *Stackpole v. Arnold*, 11 Mass., 26; *Wakefield v. Stedman*, 12 Pick., 562; *St. Louis Per. Ins. Co. v. Homer*, 9 Met., 39; *Free v. Hawkins*, 8 Taunt., 92; *Hoare v. Graham*, 3 Campb., 57; *Gregory v. Hart*, 7 Wis., 532; *Cooper v. Tappan*, 4 id., 362; 2 Phillipps on Ev., 673; *Smith v. Thomas*, 29 Mo., 307; *Adams v. Wilson*, 12 Met., 138; *Crosman v. Fuller*, 17 Pick., 171; *Worden v. Dodge*, 4 Denio. 159; Byles on Bills, 151; 2 Parsons on Notes and Bills, 526.

*Spooner & Lamb*, for respondent:

1. The payment to Arneson's creditor by order of the court, was a payment to Arneson himself. If he had never parted with the note, the amount paid by the defendant as garnishee would have been a payment upon the note. If the note had been due at the time of its transfer to the plaintiff, Arneson would not have had a perfect right of action upon it for its whole amount; but defendant, if sued upon the note, would have been entitled to a stay of proceedings as to the portion for which he had been garnished, until his liability in that proceeding had been determined; and upon payment, as garnishee, of any part of the debt, would have been entitled to credit upon the note to that amount. An assignee with notice of the facts, acquired only the rights of the assignor. The defense was therefore perfect without showing any *agreement* between defendant and Arneson at the time the note was given. 2. Oral proof of the agreement did not contradict the note. *Jones v. Keyes*, 16 Wis., 562. It did not tend to show that the sum mentioned in the note was not absolutely to be paid, or that it was not to be paid in lawful money, or that it was to be paid otherwise than to the payee or his order, or at a different time from that expressed in the note. The law had intervened and made an order (equivalent to an order from Arneson himself) that if Arneson and Obdall should be

found indebted to Pratt in a certain sum, *Johnson* should pay that sum to Pratt instead of to Arneson. Pratt, upon service of the garnishee process, became in legal effect the assignee of so much of the sum expressed in the note as might be necessary to pay the demands he might establish against Arneson and Obdall; and as to so much of the note, Peterson stands in the position of one who takes a transfer of a note with *notice* of a *prior* assignment.

DIXON, C. J. This is not a case within the rule which excludes evidence of the verbal contemporaneous agreement of the parties to vary or contradict the terms of their written contract. If it were, and we were to examine and decide it by the authorities, it is very doubtful what our decision would be. There is no topic in the law more confused by the decisions than that very one. But this is a case of partial failure of the consideration of the promissory note sued upon; and the question is, whether the defendant may give evidence of what occurred between the parties at the time the note was given, for the purpose of showing such failure. The defendant, the maker of the note, had, at the time of giving it, been served with garnishee process at the suit of a creditor of the payee. That suit had not yet been tried, and it was uncertain whether the garnishee creditor would recover, or if he should, in what amount. It was agreed that the defendant should give his note for the whole sum due the payee, and then, if judgment should be rendered against him in the garnishee suit and he be obliged to pay it, that the amount so paid should be deducted from the note. The note was given accordingly, and afterwards judgment obtained against the maker in the garnishee suit, to satisfy which he was compelled to pay the sum of $66.18. This was a clear failure of the consideration for which the note was given, as to the sum thus paid.

The money so paid was not the money of the payee of the note at the time the note was given, but belonged to the garnishee creditor, who had attached it in the hands of the maker of the note. For authorities showing that this was a partial failure of consideration, the following may, with profit, be consulted: *Hill v. Enders,* 19 Ill., 163; *McHenry v. Yokum,* 27 Ill., 160; *Morgan v. Fullenstein,* id., 32; *Schuchman v. Knorbel,* id., 175; *Parish v. Stone,* 14 Pick., 198; *Harrington v. Stratton,* 22 Pick., 510; *Perley v. Balch,* 23 Pick., 283; *Day v. Nix,* 9 J. B. Moore, 159 (17 E. C. L., 121); *Spalding v. Vandercook,* 2 Wend., 431. The same authorities also show that a partial failure of consideration is a good defense *pro tanto* to an action upon the note by the payee, or by an indorsee who has taken it under such circumstances that he can stand only on the rights of the payee. It is true that there are some decisions to the contrary on this point; but we are of opinion that to avoid circuity of action, and to prevent further litigation and expense on the same matter, the rule established by the authorities referred to is the sound one. The same rule has already virtually received the sanction of this court. *Thomas v. Thomas,* 7 Wis., 476; *Stilwell v. Kellogg,* 14 id., 465; *Griffith v. Parry,* 16 id., 218.

Partial failure of consideration being, therefore, a defense *pro tanto,* the question arises, how can it be shown without going into parol evidence of what took place between the parties at the time the note was executed? It is obvious that it cannot. The true consideration for a promissory note never appears on the face of it. The words "value received" are merely formal, and not conclusive. If we would know, then, what the real consideration was, and whether the whole or any part of it was wanting, we must learn it by extrinsic verbal or written evidence; and such evidence must come down to the very point of time when

the note was executed, showing the dealings and relations of the parties, and what was then said and done by them. To hold that such a defense may be made, and yet that such evidence is inadmissible, would be, as was well observed by the court in *Morgan v. Fullenstein, supra,* to exclude the defense altogether. It is for this reason that parol evidence to show a partial or total failure of consideration is not within the rule which excludes such evidence to vary or contradict the terms of a written contract.

For the reasons thus briefly stated, we are of opinion that the judgment of the circuit court should be affirmed.

*By the Court.*—Judgment affirmed.