76   365
29a  386
76   365.
98a ¹ 31

## JACOB MANN

*v.*

## LEWIS SMYSER *et al.*

1. FAILURE OF CONSIDERATION—*sufficiency of plea of.* To a declaration upon a promissory note, the defendant pleaded that he was induced to enter into and make the said agreement and promises by means of fraud, covin and misrepresentations of the plaintiffs, and others in collusion with them, in this: that, on, etc., plaintiffs sold defendant their warehouse, situate, etc., for $1500, including one corn-sheller, etc.; that he was induced to enter into said contract by the representations of plaintiffs that they could and would procure for him an assignment of the lease from the railroad company for the ground upon which the warehouse and appurtenances were situated, which representations the plaintiffs knew to be false at the time; that defendant, relying on said representations, entered into said contract, and in payment thereof, executed his notes as follows: for the sum of $500 each, payable in four, eight and twelve months,

respectively, the last one of which is the one declared on, the others having been paid; that plaintiffs did not and could not procure an assignment of the grounds on which the warehouse and appurtenances were situated, but that the railroad company, after such sale, before they would assign said lease of the plaintiffs to defendant, took possession of a portion of the grounds and compelled the defendant to remove a portion of said warehouse, and deprived him of the use of a portion of said grounds, to his great damage, to wit: the sum of $500, of all which the plaintiffs had notice, etc.: *Held,* that the plea was substantially good as a plea of partial failure of consideration.

2. EVIDENCE—*parol to vary a written contract.* As a general rule, and at the common law, it is not allowable to vary the terms of a written contract by parol testimony.

3. SAME—*parol evidence when failure of consideration is pleaded.* Under the statute which allows a total or partial failure of consideration to be pleaded in defense of a suit upon a note or bond, the defendant may show, by parol testimony, what the consideration was, as well as its failure.

4. Thus, where a party took an agreement in writing for the sale of a warehouse on ground leased of a railroad company, and the vendor also agreed, verbally, to procure an assignment of the lease of the ground, which constituted the consideration of notes given by him, it was *held,* in a suit upon the last of the series of the notes, that the maker might show by parol that, besides the articles named in the bill of sale, the lease was included, and was a part of the consideration of the note.

APPEAL from the Circuit Court of Edgar county; the Hon. OLIVER L. DAVIS, Judge, presiding.

This was an action of assumpsit, brought by Lewis Smyser and John Milton, against Jacob H. Mann, upon a promissory note for $500. The facts of the case are stated in the opinion of the court.

Messrs. BISHOP & McKINLAY, for the appellant.

Mr. JAMES A. EADS, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was assumpsit, in the Edgar circuit court, on a promissory note, to which several pleas were pleaded, to some of which issues of fact were made up, and to others issues of law,

which were determined in favor of the demurrants, and on which the questions made on this appeal arise.

Appellant contends that the third, fifth and seventh pleas by him pleaded, were proper pleas, averring a partial failure of the consideration of the note.

As the seventh plea is more precise than the others in the statement of facts, it is here copied from the record :

"And for a further plea in this behalf, defendant says *actio non*, because he says that the plaintiffs caused and procured the defendant to enter into the said agreement, and to promise as to the said first count of said declaration alleged, and the defendant was induced to enter into and make the said agreement and promises aforesaid through and by means of fraud, covin and misrepresentation of the plaintiffs and others in collusion with them, in this: that, on the 29th day of July, A. D. 1872, plaintiffs sold to defendant their warehouse, situated on the south side of the I. and St. L. R. R., in the city of Paris, Illinois, for the sum of $1500, including one corn-sheller, etc. ; that said defendant was induced to and did enter into said contract by the representations of said plaintiffs that they could and would procure for him an assignment of the lease from said railroad company of the ground upon which said warehouse and appurtenances were situated, which said representations plaintiffs knew to be false and fraudulent at the time and place last aforesaid.

"Defendant further avers, that plaintiffs made said representations to defendant as aforesaid, knowing them to be false, and that defendant, relying upon such representations, entered into said contract, and in payment thereof executed his notes, as follows : for the sum of $500, each, payable in four, eight and twelve months, respectively, the last of which is the one declared on in said declaration, the other two having been fully paid and discharged by said defendant.

"And the defendant says that plaintiffs did not and could not, by the terms of their lease with said railroad company,

procure an assignment of the grounds on which the said warehouse and appurtenances were situated, but that the said railroad company, after the said sale to defendant, before they would assign said lease of plaintiffs to defendant, took possession of a portion of the grounds upon which said warehouse and appurtenances were situated, and compelled the defendant to remove a portion of said warehouse, and deprived him of the use of a portion of said ground to his great damage, to wit : the sum of $500, of all which the plaintiffs then and there had notice, and this he is ready to verify," etc.

The note produced in evidence by the plaintiffs was conceded to be the whole cause of action.

Defendant, in his fifth plea, set out the bill of sale of the property for which this note, with others, was executed, and proposed to show, by parol, that the writing so set out in his plea was not the contract of the parties, but that it was understood and agreed by the parties that the lease of the ground on which the warehouse stood, belonging to the railroad company, was also to be transferred to the defendant, as set forth in his plea, as a part consideration of the note. This would be, in effect, varying a written contract by parol, which, as a general rule, and at the common law, could not be allowed.

It is contended by appellant, that this rule of the common law has been changed or greatly modified by our statute which permits a party to plead a failure of consideration. This necessarily raises an inquiry into the consideration, for if the consideration can not be shown by parol, the statute would be inoperative and inefficient. A note may, on its face, be an absolute contract to pay a sum of money at a certain day for property sold and delivered. It may be shown, under a plea of failure of consideration, that, at the time the note was executed, there was a horse to be delivered by the payee to the maker by a certain day, and that the same has not been delivered. This is the doctrine of *Hill et al.* v. *Enders et al.* 19 Ill. 163. This was followed by *Morgan et al.* v. *Fallenstien et al.* 27 ib. 31, where it is said, if the common law rule

should prevail that a part of the agreement rest in parol, it would be impossible, in any case, to show a total or partial failure of consideration of a note by parol, for the consideration of a note must necessarily form a part of the agreement in pursuance of which the note is given, and when the note is given, that part of the agreement which constitutes the consideration is never reduced to writing, and must be shown by parol if it is ever shown.

Our statute has expressly provided for this defense, and, necessarily, to give effect to the statute, parol evidence must be admitted to show what the consideration was, as well as to show that it has failed.    The statute has made no exception.

A note or bond to pay money, is, necessarily, but a part of the agreement between parties, leaving out, as it does, all that portion of the agreement which induced the undertaking to pay the money, and if this part could not be shown by parol, there would ever be a liability to a failure of justice.

This doctrine was discussed in *Great Western Insurance Co.* v. *Rees,* 29 ib. 272, and the court said, the door is necessarily thrown wide open to disclose the whole truth about the consideration; that this is the only mode by which effect can be given to the statute.

The last case decided by this court on this point, is *Gage* v. *Lewis,* 68 Ill. 604, and is in harmony with these cases.

In our judgment the seventh plea is, substantially, a good plea of partial failure of consideration; that it was competent for the defendant to plead, and prove, besides the articles named in the bill of sale, and called "exhibit A," the lease, was included, as set forth in the plea, and was a part of the consideration.    The demurrer should have been overruled.

It is not necessary to consider other points, as the judgment will be reversed, and the cause remanded for further proceedings consistent with this opinion.

*Judgment reversed.*