# CASES

# FIRST DISTRICT

# APPELLATE COURT OF ILLINOIS

## DURING THE YEAR 1904.

---

## Independent Brewing Association v. Anna Klett, Administratrix.

### Gen. No. 11,116.

1. WANT OF CONSIDERATION—*what proof competent upon plea of.* It is competent in support of a plea of want of consideration to prove that the notes in suit were asked for by the plaintiff and were given by the defendant merely as a matter of form.

2. FAILURE OF CONSIDERATION—*what proof competent upon plea of.* It is competent in support of a plea of failure of consideration to prove that the purpose of the execution of the notes in suit was to insure the plaintiff (a brewing association) that the saloon fixtures contained in defendant's store should not be removed and that none but the plaintiff's beer should be kept for sale there, and when this latter purpose in giving the notes is established and proof introduced which shows that the defendant, up to the time of the bringing of the suit, had kept his agreement and that such fixtures had not been removed from such premises and that no other beer than plaintiff's had been kept for sale there, a failure of consideration is established.

3. INSTRUCTIONS—*must relate to facts.* Notwithstanding an instruction contains good law, it should be refused where it is not applicable to the facts of the particular case in which it is offered.

4. INSTRUCTIONS—*abstract propositions of law.* An instruction which contains good law, may, notwithstanding, be refused by the court for being abstract in form.

5. JUDGMENT TO STAND AS SECURITY—*when not error to refuse to permit.* Held, from the particular facts of this case, that it was not error for the court, upon granting leave to plead, to refuse to let the judgment entered by confession stand as security.

BAKER, J., dissenting.

(1)

Judgment by confession, in which leave to plead was granted. Appeal from the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1903. Affirmed. Opinion filed April 22, 1904.

**Statement by the Court.** Judgment by confession having been entered in favor of appellant and against Conrad Klett, appellee's intestate, upon his four promissory notes dated September 5, 1895, payable to appellant's order, three being for $300 each and one for $427, and due respectively March 6, 1897, September 6, 1897, March 6, 1898, and August 6, 1898, upon motion of said Klett the judgment was opened and he permitted to defend, which he did by pleading the general issue, want of consideration and failure of consideration. As to the failure, the averments of the plea are that the notes were signed at the request of appellant's agent, Paul Frickow, and upon his statement that the signing of the notes was a mere form, to the end that certain fixtures placed by appellant on the premises 1790 N. Clark street, in Chicago, should not be removed therefrom nor sold, and that the beer brewed by appellant and no other should be kept on sale on said premises; that said fixtures have not been sold nor removed, and the beer of appellant has been continuously on sale on said premises. To this plea appellant replied by denying that the consideration for the notes was as alleged in the plea, and averring that they were given by the defendant in consideration of the cancellation of four certain notes given for the same amounts by one John Klett, the payment of which cancelled notes was secured by a chattel mortgage to plaintiff on the property in said premises 1790 N. Clark street, and in further consideration of the cancellation of said mortgage. The defendant rejoined by traversing the consideration set up in the replication.

January 23, 1902, there was a trial before a jury who found the issues for the defendant. Upon appellant's motion the verdict was set aside, and on October 23, 1902, another trial was had and another verdict rendered for the defendant. From the judgment on the second verdict this

appeal is taken. Pending the appeal the defendant, Conrad Klett, died, and Anna Klett, administratrix of his estate, was substituted as appellee.

LOESCH BROTHERS & HOWELL, for appellant.

LOUIS KISTLER, for appellee.

MR. JUSTICE STEIN delivered the opinion of the court.

First. At the trial it was appellant's contention, and testimony was offered by it tending to show that the notes sued on were given by the deceased to take the place of four notes previously given for like amounts by John Klett, the son of deceased, and secured by a chattel mortgage on the goods and fixtures in the saloon 1790 N. Clark street, and that the old notes were surrendered when the new ones were given. There was no proof showing or tending to show the release or cancellation of the mortgage. It was undisputed that the saloon was originally opened by one Carl Haerting, a son-in-law of the deceased, with the intention of having John Klett take charge of it. The latter, however, changed his mind, and the saloon remained in Haerting's hands and he was the owner of it at the time of the giving of the four notes by John Klett. Haerting did not sign the notes because he was in the employ of the government as postmaster and "was not allowed to keep a saloon." The notes were given for beer sold by appellant and delivered at the saloon. Appellant claimed that the notes were in part given for the fixtures it had put into the saloon, but this was denied.

The deceased and Haerting testified to the truth of the allegations of the pleas of want and failure of consideration and to the making of the statement by Frickow, appellant's agent, as therein alleged. On the other hand Frickow testified for appellant, saying nothing, however, about the old chattel mortgage or the alleged release thereof. He was appellant's only witness to the transaction, and his account of it is by no means clear or intelligent. After having testified that Haerting was present when the notes

sued on were signed and that in a previous conversation with John Klett the latter had told him " he liked to get off those notes (the old ones) because he was a lieutenant of the fire department and it might hurt him," he continued: " Then we made out a new mortgage and Mr. Conrad Klett signed it and I took him to a justice of the peace and had it acknowledged. The conversation was like this : I wanted them to pay part of that mortgage instead of renewing the whole amount. I told him he could pay part of it, and Haerting said I had better explain to my house, and other things I can't remember now. He said to leave the thing go for a while yet and he would try to pay me during the term of the mortgage. I think that was said in the presence of Conrad Klett." If Frickow's version is correct, he said nothing to Conrad Klett as to the object or purpose in having him sign the notes, and the indebtedness seems to have been considered as owed by Haerting. It was Haerting who said he would try to pay it, to which Frickow assented, or at least did not object. All he has to say concerning the alleged cancellation of the old notes is as follows : " At that time I *think* I had the John Klett notes with me. I handed them back to the party. I couldn't say whether I gave them to him the same day or not." John Klett himself was not present, and who the " party " was to whom Frickow says he handed them does not appear. So far as shown by the record appellant gave no notice to produce the notes nor made any effort to have them in court. The first notice to produce the John Klett chattel mortgage was given at the trial, plaintiff's attorney asking defendant's, " Have you got that? " To which the latter answered, " We don't know anything about it."

Upon this state of the proof we cannot say that the verdict, the second one for defendant, is against the evidence or the weight of it, whatever our conclusion might have been if it had clearly appeared that the old notes were surrendered and canceled, and that this was done simultaneously with the giving of the new ones.

Second. Appellant objected to defendant's proving his

special pleas on the ground that the proof varied the terms of the notes and converted them from absolute into conditional promises to pay. The objection was properly overruled. To prove that they were asked for and given merely as a matter of form was clearly competent as tending to show a want of consideration. It was also competent to prove the alleged purpose of the parties in the execution of the notes, to wit, that the saloon fixtures should not be removed or sold and that none but appellant's beer should be kept for sale. Failure of consideration cannot be shown without first showing the consideration; otherwise the statute would be rendered nugatory. Ins. Co. v. Rees, 29 Ill. 272. If in the case at bar the jury believed from the evidence that the fixtures had not been removed or sold and that appellant's beer only had been kept for sale on the premises, the notes had answered their purpose up to the time of bringing suit; their consideration to that extent had failed. The substance of the plea and the proof in pursuance thereof is that the notes were given as a guaranty that a certain thing should be done and a certain other thing should not be done by the maker (not by the payee, as in Gage v. Lewis, 68 Ill. 604, cited by appellant). To permit this to be proven did not in any way vary or alter the terms of the notes themselves; and even if it did it would still be permissible where the plea sets up and presents the issue of a failure of consideration. Kirkpatrick v. Taylor, 43 Ill. 208; Walker v. Crawford, 56 Ill. 444; Ins. Co. v. Rees, *supra.*

The foregoing views justify the action of the court in refusing appellant's instructions that the maker of a note absolute on its face cannot show by parol proof that it was given conditionally or payable in a contingency only, and that when a contract is reduced to writing, the writing affords the only evidence of its terms and conditions. The instructions contain good law but are not applicable to the facts. Moreover they were abstract in form, and for that reason also the court was not bound to give them.

Lastly it is contended that even if the defense was a valid one, still the court should not have vacated and annulled the

judgment by confession, but should have let it stand as security for the performance by defendant of his guaranty. So long as the guaranty was kept, appellant had no right to enter judgment; and it was the court's duty to set it aside. Nor could the court assume that the guaranty would not be kept in the future.

The judgment appealed from is affirmed.

*Affirmed.*

Mr. Justice BAKER, dissenting.