## CONTINENTAL ILLINOIS NAT. BANK & TRUST CO. OF CHICAGO v. EHRHART.

### No. 8904.

Circuit Court of Appeals, Sixth Circuit.

April 9, 1942.

Thomas A. McCoy, of Chattanooga, Tenn., and Frank D. Mayer, of Chicago, Ill. (Coffey, McCoy & Durand, of Chattanooga, Tenn., and Mayer, Meyer, Austrian & Platt, of Chicago, Ill., on the brief), for appellant.

A. A. Kelly, of South Pittsburgh, Tenn., for appellee.

Before ALLEN, MARTIN, and McALLISTER, Circuit Judges.

ALLEN, Circuit Judge.

This is an appeal from a judgment dismissing an action to recover an amount alleged to be due as unpaid principal and interest on a promissory note. Trial was had before the court, which filed findings of fact and conclusions of law and rendered its judgment thereon. Appellant contends that the judgment must be reversed because it is based upon a finding entirely outside the issues framed by the pleadings and unsupported by any evidence.

Appellee is a citizen and resident of the State of Tennessee, appellant is a corporation organized under the banking laws of the United States, having its principal place of business in Chicago, Illinois, and the amount in controversy is in excess of $3,000. The complaint was in the usual form. Appellee's answer admitted that he had executed the note upon which the action was based, but averred that it had been given as consideration for the purchase of shares of appellant's capital stock pursuant to a contract then entered into by the parties, and thereafter modified and amended by them; that appellant had failed to comply with the contract, and that the note was unenforceable because of failure of consideration. Other defenses were pleaded which are not now relied upon or material.

In March, 1929, appellee, who was then employed by appellant, received a circular statement from its president addressed to its officers and employees which invited them to purchase at cost a number of shares of its capital stock which it had acquired at an average price of $665 per share. The proposed terms required a minimum down payment of $50 per share and "subsequent payments at the rate of $5 per share per month, to be deducted from the monthly pay, if desired." Appellee agreed to purchase ten shares of the stock and executed an assignment of his future salary in the amount of $5 per share per month for payment of the purchase price. Pursuant to the terms of appellant's proposal, which came to be known as the Employee's Stock Purchase Plan, appellee executed and delivered to appellant a demand note for $6,650, dated April 1, 1929, and paid $500 in cash as the down payment which was credited on the note. The ten shares were then issued to him and were simultaneously hypothecated to secure payment of the note.

Deductions continued to be made from appellee's salary and credited upon the note in accordance with the stock purchase plan until November 10, 1932, when appellee was dismissed from appellant's employment. At that time appellant presented appellee with a statement of the amounts which had been paid, showing that $130.18 of the deductions made had been applied against interest. The balance due according to the terms of the note was then $4,465.18. This statement was prepared as the basis for a settlement of all obligations of the parties under the stock purchase plan, and included in addition to detailed computations relating to the transaction, an offer to deliver four shares of stock to appellee, if he would pay appellant the sum of $135.10, which was stated to be the balance due after adjustments for current interest and for dividends payable on the stock. Appellee declined to accept this offer on the ground that appellant was obligated to return the amount that appellee had paid, namely, $2,184.82.

At the time appellee was discharged, or soon thereafter and at about the same time that the settlement statement was presented, appellant paid him the sum of $3,177.44 in cash as accumulated pension money and what was designated as "separation salary." After nearly three years had elapsed, appellant sold the stock and credited the net sum of $987.46, so realized, upon the note. Nearly four years thereafter appellant brought the present action, claiming a balance due upon the note of $3,475.63 and interest in the amount of $888.02.

While certain findings and conclusions of the court are contested, the above facts, which have been in the main summarized from the court's findings are not controverted. The court found that appellee had failed to establish his claim that certain verbal collateral agreements had been made in connection with the stock purchase transaction but considered that the circular offering to sell stock and the assignment of future salary executed pursuant thereto were written agreements collateral to the note

and that the three instruments together constituted a single contract. It held that the contract came into existence by appellee's acceptance of appellant's Employee's Stock Purchase Plan which amounted to an offer to sell stock for payments out of salary, and concluded that appellee's agreement was a promise to pay out of a specific fund and that, as the specific fund could not come into existence after the appellee was discharged, appellee was not required to pay the balance of the note.

Appellant claims (1) that the decision is based upon issues outside the scope of the pleadings, and (2) that the finding that the note was payable out of future salary is without support in the record, contending that the evidence relied upon for this finding was admitted in violation of the parol evidence rule.

The first contention must be rejected not only because no objection was made to the introduction of the evidence challenged here, but also upon the merits.

■■ Appellant is the original holder of the note and does not occupy the position of a bona fide purchaser. The contract was an Illinois contract, to be performed in Illinois, and the answer pleaded failure of consideration. Under the defense of partial or complete failure of consideration the Illinois courts hold that "The door is necessarily thrown wide open to disclose the whole truth about the consideration." Great Western Ins. Co. v. Rees, 29 Ill. 272; Gage v. Lewis, 68 Ill. 604, 614; Mann v. Smyser, 76 Ill. 365; Broadwell v. Sanderson, 29 Ill.App. 384; Cochran v. Bowersox, 188 Ill.App. 157; First National Bank v. Trott, 236 Ill.App. 412, 416. Here substantial evidence was introduced to the effect that the transactions resulted in a complete failure of consideration. The appellant agreed to sell appellee ten shares of stock, but all of these shares were sold to other persons in 1935. Prior to that time appellee paid out a total of $2,184.82, and he has received nothing. In order that the District Court might properly consider this defense it was necessary to permit introduction of all of the evidence as to collateral agreements, whether verbal or written, and as to the conduct of the parties with reference to the transaction.

■■ At any rate, appellant raised no objection to the alleged variance, and it does not appear that it was misled. Failure to amend the pleadings to conform to the evidence does not affect the result where the issues are tried by express or implied consent of the parties. Federal Rules of Civil Procedure, Rule 15(b), 28 U.S.C.A. following section 723c; American Fork & Hoe Co. v. Stampit Corp., 6 Cir., 125 F.2d 472.

■ The second contention, that there is no support in the record for the finding that the note was payable out of future salary, also has no merit. The challenged finding involves the construction of the contract and raises a mixed question of law and fact. The purpose of the requirement that findings of fact be made by the trial court [Federal Rules of Civil Procedure, Rule 52(a)] is to enable the reviewing court to determine the grounds on which the lower court reached its conclusions [Goodacre v. Panagopoulos, 72 App.D.C. 25, 110 F.2d 716. Here it is clear from the findings that the lower court considered the surrounding circumstances and the construction of the contract adopted by the parties in arriving at the true intent and effect of the agreement. Under the Illinois decisions heretofore cited these matters were entitled to be taken into account.

■ The parol evidence rule does not control in Illinois when it appears that other written agreements expressing the intent of the parties and modifying the obligation of the note were entered into at the time the note was executed. Where the other written agreements provide that the note is to be satisfied from a particular source they are to be received in evidence upon the theory that the writings are to be construed as one agreement. Bradley v. Marshall, 54 Ill. 173. Cf. First National Bank v. Trott, supra.

■ We think that both the terms of the collateral agreements and the conduct of the parties with reference thereto support the conclusions reached and require affirmance of the judgment. If appellant considered that under the terms of the contract the note carried the general personal credit of the appellee it was not reasonable for it to pay him $3,177.44 in cash when he left its employment. If the note was intended to be an independent obligation, appellant naturally would have retained this money and applied it on the balance according to the terms of the note.

It appears from the statement which was introduced in evidence by appellant that the Employee's Stock Purchase Plan was modified from time to time. No deductions

were made from appellee's salary for a period of six months beginning January 16, 1932. When deductions were again resumed they were reduced to four dollars per share per month. Appellant's statement in effect recognized that no obligation existed under the contract after the date of appellee's discharge. The delay of almost three years in selling the collateral and of over six years in bringing this action were facts supporting the inference that the appellant at the time of making the contract with appellee considered that appellee was not obligated to pay the balance of the note after he left appellant's employment.

We find it unnecessary to consider the question as to whether the note is invalid and unenforceable under Title 12 U.S.C. § 83, 12 U.S.C.A. § 83.

The judgment is affirmed.