Foster vs. Clifford and others.

BILL OF EXCHANGE: *Parol agreement varying written contract.*

In an action by the indorser of a bill of exchange (who has been compelled to pay the same), the drawer and acceptor cannot defend on the ground that the bill was given and accepted on an unfulfilled *parol* condition, as that the payee would surrender a note held by him against a third person.

APPEAL from the Circuit Court for *Portage* County.

Action by *Foster*, as indorser of a bill of exchange, against *James Hall* as drawer, *The Monitor Iron Works Company* as payee, and *W. J. Clifford* as acceptor thereof. The complaint alleges that plaintiff was an accommodation indorser,

before maturity of the bill; that said bill was negotiated and transferred in the usual course of business to a bank, before its maturity; and that at maturity it was duly presented for payment at the place named in the acceptance, protested for nonpayment, etc. The answers of *Clifford* and *Hall* alleged as a defense, that the sole consideration for the making and acceptance of said bill was an agreement of *The Monitor Iron Works Company* to surrender a promissory note which it then held against a third person; that the plaintiff, who is the president of said company, knew this fact when he indorsed said bill; and that the company afterwards refused to surrender said note. *The Monitor Iron Works Company* did not answer.

At the trial, parol evidence was admitted, against plaintiff's objection, to sustain the defense above stated. The jury were instructed that if plaintiff, when he paid the bill of exchange, or when it came into his possession, knew that the agreement between the *The Monitor Iron Works Company* and *Hall* and *Clifford*, alleged in the answers, formed the consideration for the making and acceptance of the bill of exchange, he was not an innocent purchaser in good faith, but held the bill subject to all equities between the payee and the defendants. The jury found that there was no cause of action against the defendants; a motion for a new trial was denied; and from a judgment upon the verdict, plaintiff appealed.

*H. W. Lee*, for the appellant.

The cause was submitted for the respondents on the brief of *Raymond & Haseltine*.

COLE, J. This was an action by the indorser against the drawer, payee and acceptor of a bill of exchange. The payee made default. The drawer and acceptor set up in their answers, as a defense, that the bill in question was given and accepted on condition that the payee would surrender and deliver up a certain promissory note, which it held against a

third person; and parol evidence of the agreement was given on the trial, against the plaintiff's objection, and to show that this condition had not been fulfilled. The main question in the case is, whether parol evidence of this oral agreement, alleged to have been made at the time of the making and accepting of the bill, was admissible. The acceptance was absolute, except as to the place of payment. It imported an unconditional engagement, on the part of the acceptor, to the payee or other lawful holder of the bill, to pay the same, at a particular place, when it became due. This was the legal effect of the acceptance. Now the defendants were allowed to show a contemporaneous parol agreement which entirely changed and destroyed this contract. Could that be done without overthrowing well settled legal principles? It seems to us not. In *Charles v. Denis*, 42 Wis., 56, it was decided by this court, that one who had indorsed a note in blank could not show by parol, as against the person to whom he delivered it, a contemporaneous agreement between them that he should not be liable as indorser, where no mistake or fraud in procuring the indorsement was alleged. The doctrine of that case is supported by the great weight of authority, and is decisive of the case at bar. For " it is a firmly settled principle, that parol evidence of an oral agreement alleged to have been made at the time of the drawing, making or indorsing of a bill or note, cannot be permitted to vary, qualify or contradict, to add to, or subtract from the absolute terms of the written contract." 2 Parsons on N. & B., p. 501. "It deserves to be mentioned in the outset that a note which has been executed and delivered, cannot be contradicted, nor can its legal effect be controlled, by oral evidence that it was to have no validity except in a certain event. When the parties have deliberately put their engagements in writing, in such terms as import a legal obligation, without any uncertainty as to the object or extent of such engagement, it is presumed that the whole contract of the parties, and the extent and manner of

their undertaking, has been reduced to writing; and hence, oral testimony of a previous *colloquium* between the parties, or of conversation and declarations at the time when it was completed, will not be admitted to substitute a new and different contract from that actually committed to writing. Thus, parol proof is inadmissible to show that there was a mistake in the time of payment mentioned in the note; or to show that an absolute agreement for the payment of money was to be performed only in a certain event; or that a party indorsing a note did so on condition that it should be renewed." Edwards on Bills and Notes, 313. Any number of cases of the most respectable character might be cited, which are in entiré accord with the text of these learned authors; but we deem it necessary to refer only to *Bank of United States v. Dunn*, 6 Peters, 51; *Brown v. Wiley*, 20 How., 442; *Specht v. Howard*, 16 Wall., 564; *Forsythe v. Kimball*, 91 U. S., 291; *Brown v. Spofford*, 95 id., 474; where the law upon this subject is fully considered. The case of *Brown v. Wiley* is particularly pertinent to the case before us, being analogous in principle and quite similar in its facts. It was an action by the payees against the drawer of a bill of exchange. Mr. Justice GRIER, in delivering the opinion of the court, uses this language, which is applicable to this question: " It is admitted the bill was given for full value; but the defendant set up by way of special plea, and offered to prove to the jury, a parol agreement between him and the plaintiffs, that this bill should not be presented for acceptance till after a certain other draft, payable in May, 1854, was provided for by placing funds in the hands of the drawees, who had agreed to accept the last bill after funds had been received to meet their acceptance of the first. It is the rejection of this defense by the court below that is the subject of exception. It presents the question, whether parol evidence should have been received, to vary, alter or contradict that which appears on the face of the bill

of exchange. When the operation of a contract is clearly settled by general principles of law, it is taken to be the true sense of the contracting parties. This is not only a positive rule of the common law, but it is a general principle in the construction of contracts. Some precedents to the contrary may be found in some of our states, originating in hard cases; but they are generally overruled by the same tribunals from which they emanated, on experience of the evil consequences flowing from a relaxation of the rule. There is no ambiguity arising in this case, which needs explanation. By the face of the bill, the owner of it had a right to demand acceptance immediately, and to protest it for nonacceptance. The proof of a parol contract that it should not be presentable till a distant, uncertain or undefined period, tended to alter and vary, in a very material degree, its operation and effect (see *Thompson v. Ketchum*, 8 Johns., 192)." pp. 447–48. And in the recent case of *Brown v. Spofford*, the same court reäffirms in the most emphatic language the same doctrine. It is admitted that cases can readily be found which are in direct conflict with these decisions; but we do not think they rest upon sound principle, and therefore decline to follow them.

The rule that parol evidence is not admissible to contradict or vary an absolute engagement to pay money on the face of the bill or note, does not exclude evidence as between the original parties showing a total or partial failure of consideration. The cases of *Thomas v. Thomas*, 7 Wis., 476; *Peterson v. Johnson*, 22 id., 21; *Hubbard v. Galusha*, 23 id., 398; *Smith v. Carter*, 25 id., 283; *Folger v. Dousman*, 37 id., 620, belong to this class. But here the parol evidence of a contemporaneous agreement was introduced to show that an absolute acceptance was only conditional; in other words, to vary and destroy the settled legal import of the written contract. The evidence was improperly admitted for the reasons above given, and must work a reversal of the judgment.

*By the Court.* — The judgment of the circuit court is reversed, and a new trial ordered.

RYAN, C. J., took no part.