### William Nehring v. L. M. Ricker.

#### Gen. No. 4,591.

1.  NEW TRIAL—*when party not entitled to, in order to enable him to produce corroborating testimony.* A party cannot proceed to trial without asking a continuance, knowing of a witness whose testimony will tend to corroborate him, and then have a new trial in order to produce such witness.

Action commenced before justice of the peace. Appeal from the County Court of DeKalb County; the Hon. W. L. POND, Judge, presiding. Heard in this court at the October term, 1905. Affirmed. Opinion filed April 20, 1906.

HENRY S. EARLEY, for appellant.

J. E. MATTESON and H. A. JONES, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.
This is an appeal from a judgment for $2.25 recovered

Nehring v. Ricker.

by Ricker against Nehring for the price of two rides upon a commutation ticket, used by Christiensen, Nehring's hired man. Plaintiff introduced proof of an agreement by defendant to pay for the ticket. It is argued this was void, because it was a promise to pay the debt of another, and was not in writing, but the testimony of plaintiff makes it an original and express agreement by defendant to pay for the ticket, made before plaintiff consented to let Christiensen have it. Defendant introduced proof that he was not present at the time and place when Christiensen got the ticket, and did not promise to pay for it. There were two witnesses on each side on the main fact. Christiensen was not a witness. The jury believed plaintiff and his witness, and the trial court approved the verdict. There is no reason why we should disturb it.

After the trial in the County Court defendant found Christiensen and filed his affidavit showing that he would corroborate defendant, and defendant claims the court should have granted him a new trial to enable him to produce that witness. The case was first tried before a justice of the peace nearly a year before, and defendant knew whether he would need Christiensen's evidence. Christiensen had left his employ before that. Immediately after the verdict against defendant in the County Court he found Christiensen in Aurora, and he does not show by any facts in detail what efforts he made to find him before that trial. He also did not apply for a continuance on the ground that it was necessary to have Christiensen's testimony. If defendant's testimony was true, he knew in advance that Christiensen must testify in his favor. Defendant could not go to trial in the County Court without asking for a continuance, and upon being defeated there claim the benefit of a new trial because of that cumulative testimony well known to him before that trial.

The judgment is affirmed.

*Affirmed.*