J. A. CARLTON, Respondent, v. A. H. MONROE, Appellant.

Kansas City Court of Appeals, February 1, 1909.

1. **APPELLATE PRACTICE: Instruction: Objection: Exception.** Where the record fails to show an exception to instructions given, an objection must be held to have been waived.

2. ————: **Conflict of Evidence: Preponderance.** In law cases where the evidence of both parties is substantial the appellate court has no authority to weigh the evidence or attempt a solution of the controverted issues of fact and will not set aside the verdict because of the preponderance of the evidence of the defeated party.

3. **TRIAL PRACTICE: New Trial: Newly-Discovered Evidence.** Before a defeated party is entitled to set aside the verdict on the ground of newly-discovered evidence, his knowledge thereof must come after the trial, notwithstanding his diligence to discover it before; and the evidence must be so material as to probably produce a different result and not merely accumulative or merely to impeach the character or credit of the witness; and the affidavit of the witness himself should be produced or its absence accounted for.

Appeal from Vernon Circuit Court.—*Hon. Berry G. Thurman,* Judge.

AFFIRMED.

*J. B. Journey* for appellant.

(1) That the verdict and judgment is against the evidence, against the weight of the evidence, and against the law under the evidence. (2) That instruction 1 given by the court of its own motion is erroneous. (3) That the court erred in refusing the defendant a new trial upon the newly discovered evidence set up in the affidavit attached to the motion for a new trial.

*D. M. Gibson,* for respondent, filed argument.

JOHNSON, J.—Plaintiff brought suit before a justice of the peace on a promissory note of $74, dated November 28, 1905, due twelve months after date and bearing interest from date at the rate of eight per cent per annum. The note was signed by A. H. Monroe as principal and W. G. Young and J. D. Phelps as sureties, all of whom were made defendants. The defense is that the note was given in payment of usurious interest demanded by plaintiff on a loan previously made by him to defendant Monroe. Trial in the circuit court where the cause was taken by appeal resulted in a verdict and judgment for plaintiff in the sum of $74.06. Defendant Monroe alone appealed. Defendant testified as follows: He borrowed $250 from plaintiff and executed and delivered to plaintiff his promissory note for $330, dated September 14, 1904. On the same day, he executed and delivered to plaintiff a chattel mortgage to secure the payment of the note. The mortgage was filed by plaintiff October 31st, and was satisfied of record April 3, 1905. On or about the last mentioned date, note and mortgage were surrendered by plaintiff to defendant who destroyed them. The date of the maturity of the note is not shown, but

from the facts stated by defendant, it is inferable that the note matured four months after its date. Defendant says that the principal of the note exceeded the amount actually loaned him by eighty dollars and declares that this excess represented interest at the rate of eight per cent per month on the amount of the real indebtedness. Defendant did not pay the note at maturity, but thereafter made various payments thereon which aggregated $265 at the time plaintiff surrendered the note and mortgage. Thus it appears that defendant had the use of $250 for approximately seven months, for which he paid $15. He claims that in November, 1905, seven months after the cancellation and surrender of the note and mortgage, he and his sureties executed the note in suit at the demand of plaintiff who claimed that defendant still owed him $74 as interest on the surrendered note. From the testimony of plaintiff, it is quite clear that usurious interest was included in the face of the $330 note, but plaintiff states that nothing but the principal and interest at the rate of eight per cent per annum was paid by defendant and that the note in suit was not given in payment of interest on that loan but on account of other loans made to defendant by plaintiff after the satisfaction of the old note.

In the instructions which were given by the court on its own motion, the issue of fact submitted was whether or not the note in suit included usurious interest on the loan of $250. Error in one of these instructions is now claimed by defendant, but since the record shows that no exception to any of the instructions was taken by defendant, the objection must be held to have been waived. [Mitchell v. Robertson, 117 Mo. App. 348.]

Defendant concedes that the evidence of his adversary is substantial enough to make an issue of the question of whether usurious interest is included in the note in suit, but earnestly insists that his own evi-

dence so outweighs that of plaintiff that we should "ignore precedent" by setting aside the judgment.   To do this, we would be compelled to invade the province of the triers of fact and assume the right to perform a function the law does not vest in us.   In law cases, where the evidence of both parties is substantial, the appellate court has no authority to weigh the evidence or to attempt the solution of controverted issues of fact.   Were we possessed of such authority, the verdict of the jury would meet with our approval, since we believe that it is supported not only by substantial, but by the weight of the credible evidence.

We find no merit in the contention that a new trial should have been granted on the ground of newly discovered evidence.   The witness of whose testimony defendant now would avail himself was subpoenaed by plaintiff and was present at the trial.   He was not introduced by either party, but defendant knew the extent of his knowledge of the transactions between plaintiff and defendant and had unsuccessfully endeavored to induce him to tell what his testimony would be if he were called to the stand.   After the trial, the witness stated to defendant that had he been permitted to testify, he would have stated certain facts favorable to the contention of defendant.

The rule thus is stated by the Supreme Court in State v. Speritus, 191 Mo. 24:   "In order to support a motion of this character, it devolved upon the defendant to show, first, that the evidence first came to his knowledge since the trial; second, that it was not owing to want of due diligence that it did not come sooner; third, that it was so material that it would probably produce a different result if the new trial were granted; fourth, that it was not merely cumulative; fifth, that the object of the testimony was not merely to impeach the character or credit of a witness; sixth, the affidavit of the witness himself should be produced, or its absence accounted for."

It cannot be said that the evidence first came to the knowledge of defendant since the trial. Knowing the witness possessed knowledge of material facts, the failure of defendant to introduce him, which, obviously was prompted by the fear that his testimony might be favorable to the opposite party was an exercise of defendant's own judgment for which he alone is responsible. The witness had the right to refuse to state before the trial what his testimony would be and his refusal cannot be used directly or indirectly as ground for a new trial.

And, further, it was proper to overrule the motion under the sixth subdivision of the rule stated. Defendant did not produce the affidavit of the witness, nor did he attempt to account for its absence.

The judgment is affirmed. All concur.