## W. M. LESTER, · Respondent, v. WILSON SPAYD, Appellant.

### Kansas City Court of Appeals, March 7, 1910.

CONTRACTS: Evidence. In an action at law for a breach of a contract, where there is substantial evidence in behalf of the party obtaining the verdict, the judgment thereon will be affirmed.

Appeal from Vernon Circuit Court.—*Hon. B. G. Thurman*, Judge.

AFFIRMED.

*A. J. King* for appellant.

*J. B. Journey* for respondent.

The verdict was supported by substantial evidence. The finding of the jury is conclusive on this court. Carlton v. Monroe, 135 Mo. App. 172; Temple v. Railroad, 83 Mo. App. 64; Colyer v. Railroad, 93 Mo. App. 147; John Deere Plow Co. v. Sullivan, 158 Mo. 440; Caldwell v. Van Ripper, 84 Mo. App. 563; National, etc., Assn. v. Scudder, etc., Co., 82 Mo. 245.

ELLISON, J.—This is an action on a contract in which plaintiff obtained judgment in the circuit court. For the purpose of understanding our views in this

case it will not be necessary to give a detailed account of all that was brought into the trial relating to the protracted controversy between the parties. Since the verdict was for the plaintiff, we must assume, as the facts in the case, all that the evidence in his behalf tends to prove, which will include all reasonable inferences which may be drawn from such evidence. It may be stated that plaintiff and his brother bought forty acres of land from defendant and for purchase price executed four notes payable to defendant for $125 each. That these notes were secured by a deed of trust on the land. That plaintiff and his brother owned a certain sawmill which was encumbered by a mortgage for $200. That they sold an undivided one-third interest in the mill to defendant for $200 and defendant assumed one-third of the mortgage thereon, amounting, as stated in the petition, to $66. That this purchase price of the mill was to be credited on the notes held by defendant. That afterwards the contract was modified, so that plaintiff would pay all of the mortgage on the mill and defendant not assume any of it, but was to credit the notes with $250. Plaintiff afterwards bought out his brother's interest. That defendant refused to credit the notes as thus agreed, and plaintiff was thereby compelled to pay the full amounts thereof in order to prevent defendant from foreclosing the deed of trust securing them. For this breach plaintiff asks a judgment for damages in the sum of $250.

Defendant made answer to plaintiff's petition, first, by a general denial; and, second, by pleading a settlement. The latter defense was practically abandoned by defendant since no instruction was asked by him on that phase of the case, though one was given for plaintiff to the effect that the burden was on defendant to establish the alleged settlement.

The instructions for plaintiff and that for the defendant were plain submissions of the theory of each side as made by the evidence. The two refused for de-

fendant were properly refused. The one given covered the case made by defendant and if the hypothesis there submitted had been believed by the jury, the verdict would have been for him. In our opinion there is but one point open for consideration and that is defendant's contention that there was no evidence to sustain the judgment. We have gone over the record and find it does not support defendant in this regard. The parties brought a great amount of collateral matter into the case which has resulted in rather a large record, but when the court came to submit the case to the jury the issue was clear, and, in reality, only involved a question whether the jury would believe the evidence offered by plaintiff to establish the agreement and of defendant's refusal to carry it out. In cases of this nature we cannot weigh the evidence and as long as there is any substantial testimony for a party who obtains the verdict, we cannot interfere. It is not a question whether the court would have viewed the case as the jury did. [Carlton v. Monroe, 135 Mo. App. 172; John Deere Plow Co. v. Sullivan, 158 Mo. 440.]

We conclude that we have no authority to reverse the judgment and it is accordingly affirmed. All concur.