## WALTON et al. v. KENNAMER et al.

No. 3249. Opinion Filed November 11, 1913.

(136 Pac. 584.)

1. **APPEAL AND ERROR—Continuance—Review—Discretion.** The granting or refusing of a motion for a continuance rests largely within the sound judicial discretion of the trial court, and its action in reference thereto will not be disturbed on appeal, except where this discretion has been abused.

2. **APPEARANCE—What Constitutes—Effect.** Where a defendant comes into a case, even though he has not been properly summoned therein, and alleges and submits to the court for decision non-jurisdictional questions, it is a recognition of the general jurisdiction of the court and operates as a waiver of all irregularities that may have intervened in bringing him into court.

(Syllabus by Brewer, C.)

*Error from District Court, Tulsa County;*
*L. M. Poe, Judge.*

Action by W. L. Kennamer and others against Sarah E. Walton and another. Judgment for plaintiffs, and defendants bring error. Affirmed.

*Baker, Pursel & Leith* and *C. A. Mountjoy,* for plaintiffs in error.

*Wm. F. Tucker* and *Hulette F. Aby,* for defendants in error.

Opinion by BREWER, C. This appeal is to review the action of the court in denying a motion or petition to vacate and set aside a final decree foreclosing a mechanic's lien and a mortgage. It was filed more than a year after the rendition of the final decree.

On November 14, 1908, Kennamer, as plaintiff, filed suit against plaintiffs in error, claiming $700 for labor and material used in constructing a house on lots 1 and 2, block 81, in the city of Tulsa, and asking that his mechanic's lien on said lots be foreclosed. On July 12, 1909, plaintiffs in error filed their answer. On April 10, 1910, with leave of court, G. S. Kemble filed a plea in intervention, claiming a lien under a mortgage on the same lots, to secure a note, both note and mortgage having been executed by plaintiffs in error, praying for an adjustment of the liens, foreclosure, etc. On April 18, 1910, the attorney for plaintiff in error, Sarah E. Walton, the owner of the lots in controversy, filed a motion for continuance, unverified, which was on the same date overruled by the court. No appeal was prosecuted from this order. On the same date a trial was had and judgment rendered for Kennamer for $700, and his mechanic's lien was established and foreclosed. Kemble as intervener was awarded judgment for $193.75 on his note and mortgage, his lien established and declared to be junior to that of Kennamer's, and ordered foreclosed. This judgment was not appealed from, nor was a motion made to disturb it during the term. The property was appraised at $1,400 and sold by the sheriff under orders of the court for $1,210 on March 1, 1911. On March 2, 1911, plaintiffs in error joined in a motion to set the sale aside; the following being among the

grounds set up in the motion, viz.: Insufficiency of the notice of sale. Illegal appraisement. That the property did not bring two-thirds of its appraised value. This motion was denied. On May 6, 1911, plaintiffs in error joined in a second motion to vacate and set aside the sale, and among others urged as a ground: Improper advertisement of the property. This motion being overruled, the plaintiffs in error, on May 10, 1911, filed the motion or petition involved here to vacate and set aside the judgment originally rendered. The same alleges as grounds in substance that:

"(1) Because judgment was rendered in the action in favor of G. S. Kemble, intervener, without notice of said intervention upon plaintiffs in error, and without appearance or trial of the issues as to Kemble. (2) Because of unavoidable casualty and misfortune in this: That Sarah E. Walton was sick in bed and her regular attorney was out of town and the attorney who handled it did not understand her case and the application she made for a continuance before the trial was overruled. (3) Because the petition of Kennamer, the original plaintiff below, did not state a cause of action against Louis F. Walton and is entirely void. Prayer that the entire judgment be set aside."

As has been pointed out, the appeal in this case is based on the refusal of the court to vacate its judgment and annul all former proceedings and grant a new trial on the motion (treated as a petition) filed more than a year after such final unappealed from judgment was rendered.

We will consider the grounds upon which this motion is predicated in the order in which we have summarized them above.

1. Whether or not it was a fundamental error to proceed to trial and judgment on the intervention of Kemble, filed in the case, with leave of court, after plaintiffs in error had been regularly summoned in the original case and had answered, without a summons or other court notice of the intervention, does not require consideration or decision for the reason that after the trial and judgment the plaintiffs in error joined in two separate motions in the case, attacking the proceedings in each, upon nonjurisdictional grounds. This was equivalent to a general

appearance in the case. Where a defendant comes into a case, even though he has not been properly summoned, and alleges and submits to the court nonjurisdictional questions—questions which could not be raised in a special appearance—he recognizes the general jurisdiction of the court and waives all irregularities that may have intervened in bringing him into court. This is a question that seems to be well settled in this jurisdiction, as well as in Kansas, from whence our procedure came. The case of *Ziska v. Avey,* 36 Okla. 405, 122 Pac. 722, reviews many of the cases of this, as well as the Kansas, court. *Rogers v. McCord Collins Merc. Co.,* 19 Okla. 115, 91 Pac. 864; *Lookabaugh v. Epperson,* 28 Okla. 472, 114 Pac. 738; *Welch v. Ladd,* 29 Okla. 93, 116 Pac. 573. This determines the first ground. The only point made is that the court had not, as to the intervention, acquired jurisdiction of the persons of plaintiffs in error because of a lack of notice. It is not even suggested that they did not owe the note nor that they had any defense to either the note or the mortgage securing it, and which they had both executed.

2. The second ground of the motion to vacate was based on unavoidable casualty, which consisted of the claim that at the date of the trial, more than a year previous to the filing of the motion, Mrs. Walton, one of the plaintiffs in error and the owner of the land, was too sick to attend court; that her regular attorney was out of town; and that the attorney who did appear and handle her case, and who applied for its continuance upon the ground of her inability to attend, did not understand the same, etc. This ground is untenable. It is asserted too late. No claim of fraud or mistake is made; it is simply an attempt to review the action of the trial court in overruling her motion for a continuance, with all the facts fully before it more than a year before, and after the passage of several terms of court. Her attorney objected to the overruling of the motion for a continuance but did not appeal. He could have done so. Section 5236, Rev. Laws, 1910. He went on with the trial and to judgment, but, so far as is shown, filed no motion for a new trial and took no appeal from the judgment, thus bringing up for

review the action of the court on the motion.  Had an appeal been taken and the point properly brought here this court would inquire into the discretion used by the court in refusing the motion.  The granting or refusing a motion for a continuance rests largely within the sound judicial discretion of the trial court, and its action in reference thereto will not be disturbed, except where this discretion has been abused.  *Standifer et al. v. Sullivan,* 30 Okla. 367, 120 Pac. 624.

3.  This ground (*i. e.,* that the original judgment is void, because the petition of plaintiff Kennamer, declaring on his mechanic's lien, did not state a cause for personal action for deficiency judgment, as against L. F. Walton, the husband and codefendant of the owner of the homestead) is without merit. The original petition did not ask a deficiency judgment against L. F. Walton, nor did the facts warrant such a judgment; and, while the journal entry decreed him liable, the court, upon having its attention called to the error, corrected the judgment by a *nunc pro tunc* order and relieved him of the liability unintentionally and erroneously adjudged against him.

The other questions discussed in the brief depend upon the three main points discussed above and need no further consideration in detail.

The judgment should be affirmed.

By the Court:  It is so ordered.