## COMANCHE MERCANTILE CO. v. WAYMIRE.

No. 5833.    Opinion Filed February 8, 1916.

(155 Pac. 542.)

**APPEAL AND ERROR—Discretionary Ruling—Continuance.** An application for continuance is addressed to the sound discretion of the trial court, and the cause will not be reversed for the denying of a continuance, unless it plainly appears that such discretion. has been abused.

(Syllabus by Rummons, C.)

*Error from County Court, Stephens County;*
*J. W. Marshall, Judge.*

Action by J. F. Waymire against the Comanche Mercantile Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*H. B. Lockett,* for plaintiff in error.

*J. B. Wilkinson,* for defendant in error.

Opinion by RUMMONS, C.  The only error assigned in the brief of plaintiff in error is the overruling of a motion for continuance of the plaintiff in error. The affidavit in support of the said motion recites that the witness is a material one, is absent, with no reasonable probability that her attendance can be secured at said term of court; that said witness has been duly subpoenaed, and that her absence is not the fault of the plaintiff in error; that said witness lives in Stephens county, and is sick and physically unable to be present. It then sets up the testimony expected to be elicited from said witness, which is material, and alleges that said witness is the only person who can testify to the specific articles damaged, the value thereof and damages to the

same, and that plaintiff in error verily believes said testimony to be true, and that said witness' attendance can be secured at the next term of court. This affidavit is subscribed, "Comanche Mercantile Co., by H. B. Lockett, President." Attached to the affidavit, which was filed May 29, 1913, is a subpœna directed to the witness, issued August 19, 1912, commanding her to appear "*on instanter*" to testify in said cause, which subpœna was served on August 19, 1912. It further appears from the record that on July 19, 1912, the plaintiff in error filed a motion for continuance of this cause, supported by an affidavit alleging the absence of the same witness for the same reason, and setting out the evidence expected to be elicited from the witness in the identical language of the affidavit under consideration. In fact the motion and affidavit, of the overruling of which plaintiff in error complains, seem to be copies of the motion and affidavit of July 19, 1912. Can it be said that the trial court abused its discretion in denying this continuance? A subpœna was issued and served more than six months before the date of the application for a continuance, and plaintiff in error seems to have made no further effort to require the attendance of this witness at court or to procure her deposition. Unless there appears to have been an abuse of discretion in denying a continuance, this court will not reverse a judgment on that ground. *Walton v. Kennamer,* 39 Okla. 629, 136 Pac. 584; *Jennings Co. v. Dyer,* 41 Okla. 468, 139 Pac. 250.

In view of the poor showing of diligence in attempting to secure the presence of this witness or her deposition made by the plaintiff in error, we do not think the

record discloses any abuse of discretion on the part of the trial court.

The judgment should therefore be affirmed.

By the Court: It is so ordered.