FIRST NAT. BANK OF TALOGA et al. v. FARMERS' STATE GUARANTY BANK OF THOMAS et al.

No. 7735—Opinion Filed Dec. 12, 1916.

(161 Pac. 1063.)

1. New Trial—Grounds—Requisites of Motion.

The statutory enumeration of grounds for a new trial is in this jurisdiction exclusive; and any matter for which a new trial may be granted is waived if not embraced in the motion therefor.

## 2. New Trial—Newly Discovered Evidence—Right to.

The rule regarding the granting of new trials on the ground of newly discovered evidence requires that the evidence comply with the following conditions: (1) It must be such as will probably change the result; (2) it must have been discovered since the trial; (3) it must be such as could not have been discovered before the trial by the exercise of due diligence; (4) it must be material to the issue; (5) it must not be merely cumulative to the former evidence; (6) it must not be to merely impeach the former evidence.

## 3. New Trial—Motion for Continuance—Denial.

Where the application for a new trial on the grounds of newly discovered evidence discloses that at the time of the trial the name of the witness and the purport and significance of the testimony which would have been given had he been present was known to the movant, and no application for a continuance asked, the same is insufficient to justify the court to sustain the same.

(Syllabus by Hooker, C.)

Error from District Court, Custer County; Thomas A. Edwards, Judge.

Action between the First National Bank of Taloga, Okla., and others and the Farmers' State Guaranty Bank of Thomas, Okla., and another. The latter were granted a new trial, and the former bring error. Reversed, with directions.

Adams & Smith and I. H. Lookabaugh, for plaintiffs in error.

Geo. T. Webster and Phillips & Mills, for defendants in error.

Opinion by HOOKER, C. One of the material questions presented here is whether the trial court is authorized to grant a new trial on account of newly discovered evidence when the name of the witness and the purport of his testimony were known to the moving party before the trial, and the trial was had without any application for a continuance being made on account of the absent witness, or, in other words, may a party, cognizant of the importance of the testimony that would be given by the absent witness, the name of whom is known to him, proceed to trial and take his chance of success, and then, when he loses, procure a new trial on account of newly discovered testimony?

The facts here disclose that the defendants in error proceeded to trial in the lower court fully cognizant of the name and the purport of the testimony that would be given by the witness Curtis, and did not file any affidavit for a continuance on account of the absence of said witness, but proceeded to trial and were unsuccessful, for the reason that they were unable to identify the mules alleged to have been converted by the plaintiffs in error upon which it claims to have had a valid chattel mortgage. On account of the absence of this evidence the trial court sustained a demurrer to the evidence of the defendants in error. No motion for a new trial was filed, but after expiration of 30 days an application was had for a new trial based upon the ground of newly discovered evidence supported by a motion and affidavit which in itself shows that the name of the witness and the purport of the testimony was known to the defendants in error at the time it entered upon the trial of said cause. The lower court granted this new trial, from which order the plaintiffs in error have appealed, and contend: First, that the proposed evidence is not newly discovered after the trial, as provided by statute; second, that the proposed new evidence will not change the result; third, that the degree of diligence required by the statute is not shown in the application.

The grounds for a new trial in this state are enumerated by the statute. This court, in St. L., I. M. & S. R. Co. v. Lewis, 39 Okla. 677, 136 Pac. 396, said:

"The statutory enumeration of grounds for a new trial is in this jurisdiction exclusive; and any matter for which a new trial may be granted is waived if not embraced in the motion therefor."

In the application here there was but one ground attempted to be stated; therefore the court could not consider any other. That ground was the discovery of new evidence; hence we must consider this case upon the sole proposition of whether the evidence set forth in the motion is sufficient to come within the statute. If so, the trial court was right; if not, the trial court committed error upon a simple and unmixed question of law.

We are fully aware that appellate courts are slow to interfere or disturb the ruling of the trial court in granting or refusing applications for new trials, inasmuch as the same is largely a discretionary matter.

This court, in case of Vickers v. Carey Company, 49 Okla. 231, 151 Pac. 1023, L. R. A. 1916C, 1155, said:

"A rule of wide recognition regarding the granting of new trials on the ground of 'newly discovered evidence' exacts that the evidence fulfills the following requirements: (1) It must be such as will probably change the result if a new trial be granted; (2) it must have been discovered since the trial; (3) it must be such as could not have been discovered before the trial by the exercise of due diligence; (4) it must be material to the issue; (5) it must not be merely cumulative

to the former evidence; (6) it must not be to merely impeach or contradict the former evidence."

And in the body of the opinion the court says:

"While 'newly discovered evidence,' material to the party applying, which he could not with reasonable diligence have discovered and produced at the trial, is ground for a new trial, applications therefor founded on such evidence are not favored in law. * * *"

The application here does not allege that the evidence is newly discovered, but is a request for a new trial on the sole ground of the testimony of an absent witness whose name and the purport of whose testimony were known before the trial proceeded. As we view it, the existence of the evidence itself, as distinguished from the whereabouts of the witness, must have been discovered since the trial in order to authorize a new trial.

In 29 Cyc. 881, it is said:

"Newly discovered evidence material for the party applying which he could not with reasonable diligence have discovered and produced at the trial is ground for a new trial. * * *

"A new trial on the ground of newly discovered evidence will not be granted for evidence that was known to the unsuccessful party at the time of the trial. * * *

"Facts known to the movant at the time of the trial are not newly discovered because he did not then know the whereabouts of a witness who can testify thereto. * * * Where the movant was unable to procure the attendance at the trial of material witnesses whose testimony was then known to him, he must have asked for a continuance or delay to enable him to produce such witnesses or evidence.

"Evidence discovered during the progress of the trial must have been offered, if possible, although out of the regular order, or, it seems, after the submission of the case to the jury. Where necessary, a delay must have been asked for by the movant to enable him to procure such evidence, and, where possible, subpoenas must have been issued and served upon the necessary witnesses. Where it was discovered by the movant during the trial that an absent witness had knowledge of a transaction in controversy, any necessary delay must have been requested to procure his testimony, although the movant did not then know to what such absent person could testify."

And at page 956 it is said:

"It must allege that such evidence was not known to the movant before the verdict, and show that he could not with reasonable diligence have discovered and produced it at the trial."

The Supreme Court of the territory, in Watkins v. United States, 5 Okla. 729, 50 Pac. 88, said:

"He does not pretend a lack of knowledge as to what the witness would testify had he been present at the trial, but only shows that the whereabouts of the witness could not be found or ascertained at the time of the trial, although he had made diligent search, for a long time prior thereto, to ascertain his whereabouts. To be ground for a new trial, the knowledge of what the witness would be expected to testify must have come to the defendant after it was too late to be procured and used upon the trial. The defendant, with full knowledge of what Ansel might have sworn to had he been present at the trial, knowing of his absence, and that his whereabouts was unknown, without making application for a continuance, announced himself ready for trial, and went to trial. His application for a new trial, on the ground of newly discovered evidence, was [therefore] properly overruled."

Likewise the Supreme Court of California, in Scanlan v. R. Co., 128 Cal. 586, 61 Pac. 271. said:

"A new trial was sought, and Donaldson's testimony was urged as the newly discovered evidence, but it appears from the affidavits that this evidence was in no sense newly discovered. Defendant's engineers had knowledge through their attorney of the materiality of Donaldson's testimony before the trial, and took certain steps to find him and procure his attendance. At the time of the trial they had not discovered him. Knowing of the importance of his testimony, defendants should have moved for a continuance, and, failing to do so, it must be held that it entered upon the trial at its peril."

This court, in McCants v. Thompson. 27 Okla. 708. 115 Pac. 600, said:

"The first duty of a party, surprised at the trial * * * is to take proper legal steps to continue or delay the cause. He cannot neglect this duty in the hope of securing a verdict in spite of such surprise and then obtain a new trial. * * * The defendant, having failed to comply with this rule, is not entitled to a new trial on such ground.

" 'To entitle the party to a new trial on the ground of newly discovered evidence, the motion should set forth the names of the witnesses [etc.], and that the evidence by reasonable diligence could not have been discovered before the trial.' * * *

"The facts set out in the affidavits in support of the motion for a new trial appear to have been known to the defendant at the time of the trial. * * * We cannot say, that the trial court erred in refusing to grant a new trial on account of surprise or newly discovered evidence."

The following authorities—Killebrue v. Railway Co., 137 Ga. 681, 74 S. E. 270; Adamson, Adm'r, v. Traction Co., 111 Va. 556, 69

S. E. 1055; Carlton v. Monroe, 135 Mo. App. 172, 115 S. W. 1057; Bertram v. Dredge Co., 32 Ind. App. 199, 69 N. E. 479; Nehring v. Ricker, 126 Ill. App. 262; State v. Gregory, 31 S. D. 425, 141 N. W. 365; State v. Lamothe, 37 La. Ann. 43; Johnson v. Brown (Tex. Civ. App.) 65 S. W. 485; Merc. Co. v. Gillespie, 14 Okla. 143, 77 Pac. 183—all support the rule that a new trial for newly discovered evidence should be refused where the existence of such evidence was known, but not the whereabouts of the witness, and no continuance was asked.

We are therefore of the opinion that the motion filed here by the defendants in error for a new trial on account of newly discovered evidence did not bring the same within the statute so as to authorize the trial court to grant the same.

There are other grounds assigned as error here. but under the view we have taken it is unnecessary to consider the same.

The judgment of the lower court is therefore reversed, with directions to the trial court to set aside the order granting a new trial herein.

By the Court: It is so ordered.