## HOLLAND BANKING CO. v. DICKS.

No. 7931—Opinion Filed Dec. 4, 1917.

Rehearing Denied Jan. 29, 1918.

(170 Pac. 253.)

**1. Appeal and Error — Discretion of Trial Court—Continuance.**

A continuance of the trial of a cause is a matter of discretion, and refusal to grant a continuance will not work a reversal of the cause, unless it clearly appears that such discretion has been abused.

**2. Appeal and Error — Ruling on Motion for Verdict Non Obstante Veredicto— Review.**

Where an exception is not reserved to the overruling of a motion for a verdict non obstante veredicto, this court will not consider the action of a trial court on such motion.

**3. Appeal and Error—Verdict—Sufficiency of Evidence—Necessity of Objection.**

Where the evidence is not challenged by a demurrer thereto, or by a request for a directed verdict, this court, in a law case, will not consider the sufficiency of the evidence to support the verdict rendered.

**4. Bills and Notes — Evidence—Defenses— Want of Consideration—Parol Evidence.**

Where an action is brought by the original payee against the maker upon a promissory note, it may be properly pleaded as a defense that the amount of said note was greater than the balance due, for which said note was given, and to the extent of such proved excess said note is without consideration, and evidence to support said partial want of consideration in the note sued upon is not in contravention of the rule that the terms of an unambiguous written instrument cannot be varied by parol.

**5. Costs — Attorney's Fees — Evidence — Statute.**

Where an action is brought upon a promissory note for the foreclosure of a lien upon collateral given to secure the payment of said note, an attorney's fee, under section 3877, Revised Laws 1910, may be awarded the successful party in the action and taxed as costs, but the trial court is without authority to award such attorney's fee without evidence as to the value of such attorney's fee. (Thacker, J., dissenting.)

**6. New Trial — Newly Discovered Evidence —Diligence.**

A motion for a new trial should not be granted upon the ground of newly discovered evidence where it is shown by the motion for such new trial that the averred newly discovered evidence was known to the parties seeking the new trial prior to the trial of the cause.

(Syllabus by Collier, C.)

Error from District Court, Alfalfa County; J. C. Robberts, Judge.

Action by the Holland Banking Company against A. M. Dicks. Judgment for defendant, and plaintiff brings error. Modified and affirmed.

C. F. Green, for plaintiff in error.

Titus & Talbott, for defendant in error.

Opinion by COLLIER, C. This is an action brought by plaintiff in error against the defendant in error to recover upon a promissory note executed by the defendant in error to the plaintiff in error for the sum of $897.25, and to enforce a lien upon 59 shares of stock which had been deposited by the defendant in error as collateral to secure the payment of said note.

The defendant in error answered and filed a cross-petition seeking a recovery against the plaintiff for $327 upon the averment that the said note upon which this action was brought had been overpaid by the collection by the plaintiff in error of notes which had been deposited by the defendant in error as collateral for notes previously given by the defendant to the First National Bank of Rush Springs, and by said bank transferred and assigned to the plaintiff in error, and that the note here sued on was given for a balance claimed to be due upon the said original notes. Hereinafter the parties will be designated as they were in the trial court.

Plaintiff upon the conclusion of the evidence moved the court to continue the cause upon the ground of surprise, which motion was overruled and excepted to. The defendant did not demur to the evidence of the plaintiff or ask a directed verdict in his favor; therefore it is useless to recite the evidence. The jury returned a verdict for the defendant. Upon the rendition of the verdict of the jury the plaintiff moved the court for a judgment for plaintiff notwithstanding the verdict, which motion was overruled, but not excepted to.

Plaintiff moved for a new trial upon various grounds, especially upon the grounds of newly discovered evidence which motion was overruled and excepted to, and judgment entered upon the verdict, and plaintiff taxed with costs, including therein an attorney's fee for the defendant in the sum of $50 without evidence as to the value of such fee, to which the plaintiff duly excepted. To reverse said judgment this appeal is prosecuted.

Plaintiff assigns the following errors:

"(1) The court erred in overruling the motion of plaintiff for new trial.

"(2) Accident and surprise, which ordinary prudence could not have guarded against.

"(3) Error in the assessment of the amount recovered.

"(4) That the verdict and judgment are not sustained by sufficient evidence and are contrary to law.

"(5) Newly discovered evidence material to the plaintiff which it could not with reasonable diligence have discovered and produced at the trial.

"(6) Error of the court in overruling motion of plaintiff for a continuance.

"(7) Error of the court in rendering judgment for the defendant in the sum of $50 as attorney fee, when same had not been claimed in the pleadings of defendant, and no evidence introduced in support of any such contention on the part of said defendant.

"(8) Error of the court in overruling motion of plaintiff for judgment on the special findings notwithstanding the finding of the jury.

"(9) Error of the court in refusing to grant plaintiff a new trial upon the affidavits submitted in support of its motion for a new trial upon the grounds of newly discovered evidence."

We will consider each of said assignments of error, but not in the order in which they are assigned.

It is earnestly contended by the plaintiff that the court should not have admitted evidence of credits claimed by the defendant of collections made prior to the execution of the note sued upon, and that the note sued upon was an adjustment of all prior matters between the parties, and the effect of said evidence was to vary the effect of a written instrument, and with this contention we cannot agree. We are of the opinion, and so hold, that said evidence was not to vary the effect of a written instrument, but to support the plea of partial want of consideration in the note sued upon, which was a good defense pro tanto.

"The rule that parol evidence is not admissible to contradict or vary an absolute engagement to pay money on the face of the bill or note does not exclude evidence as between the original parties showing a total or partial failure of consideration." 3 R. C. L. 943.

See Peden v. Moore, 1 Stew. & P. (Ala.) 71, 21 Am. Dec. 649; Stockton Sav. & Loan Soc. v. Giddings, 96 Cal. 84, 30 Pac. 1016, 21 L. R. A. 406, 31 Am. St. Rep. 181; Pryor v. Ludden & Bates Southern Music House, 134 Ga. 288, 67 S. E. 654, 28 L. R. A. (N. S.) 267; Folsom v. Mussey, 8 Greenl. [Me.] 400, 23 Am. Dec. 522; McCallum v. Jobe, 9 Baxt. [Tenn.] 168, 40 Am. Rep. 84; Peterson v. Johnson, 22 Wis. 21, 94 Am. Dec. 518; Foster v. Clifford, 44 Wis. 569, 28 Am. Rep. 603.

"The consideration of a contract, in whatever form it may have been, may, as between the immediate parties to it, be the subject of inquiry." 3 R. C. L. 924.

See Fisher v. Salmon, 1 Cal. 413, 54 Am. Dec. 297; Folsom v. Mussey, 8 Greenl. [Me.] 400, 23 Am. Dec. 522; Harris v. Alcock, 10 Gill & J. [Md.] 226, 32 Am. Dec. 158; Schmittler v. Simon, 114 N. Y. 176, 21 N. E. 162, 11 Am. St. Rep. 621.

"Want of consideration may be pleaded to a part, as well as to the whole, of the cause of action." 9 Cyc. 737.

"Absence or failure of consideration is matter of defense as against any person not a holder in due course, and partial failure of consideration is a defense pro tanto, whether the failure is an ascertained and liquidated amount or otherwise." Section 4078, Revised Laws 1910.

The plaintiff having failed to demur to the evidence or ask a directed verdict in its favor in a law case, the sufficiency of the evidence to support the verdict cannot be presented on appeal to this court. Muskogee Electric Co. v. Reed, 35 Okla. 334, 130 Pac. 157; Reed v. Scott, 50 Okla. 757, 151 Pac. 484; Simpson v. Mauldin, 61 Okla. 92, 160 Pac. 481; J. W. Oaks v. H. S. Samples, 57 Okla. 660, 157 Pac. 739.

The question of a continuance is a question of discretion of the court, and, unless there appears to have been an abuse of such discretion in denying a continuance, this court will not reverse a judgment on that ground. Comanche Mercantile Co. v. Waymire, 55 Okla. 318, 155 Pac. 542, Daugherty v. Feland, 59 Okla. 122, 157 Pac. 1144; Walton v. Kennamer, 39 Okla. 629, 136 Pac. 584.; Jennings Co. v. Dyer, 41 Okla. 468, 139 Pac. 250.

After careful consideration of the record, we are unable to see that the trial court, in overruling said motion for continuance, abused such discretion.

The most tenable ground advanced for a new trial is "of averred newly discovered evidence," which so-called newly discovered testimony is shown by the affidavits filed in support of said motion to be entirely untenable, for the reason that it clearly appears the plaintiff had knowledge of such averred newly discovered evidence prior to the trial, First Nat. Bank of Taloga et al. v. Farmers' State Guaranty Bank of Thomas et al., 62 Okla. 30, 161 Pac. 1063.

In 29 Cyc. 881, it is said:

"A new trial on the ground of newly discovered evidence will not be granted for evidence that was known to the unsuccessful party at the time of the trial."

Killebrue v. Railway Co., 137 Ga. 681, 174 S. E. 270, Adamson, Adm'r, v. Traction Co., 111 Va. 556, 69 S. E. 1055, Carlton v. Monroe, 135 Mo. App. 172, 115 S. W. 1057, Bertram v. Dredge Co., 32 Ind. App. 199, 69 N. E. 479, Nehring v. Ricker, 126 Ill. App. 262, State v. Gregory, 31 S. D. 425, 141 N. W. 365, State v. Lamothe, 37 La. Ann. 43, Johnson v. Brown (Tex. Civ. App.) 65 S. W. 485, and Mercantile Co. v. Gillespie, 14 Okla. 143, 77 Pac. 183, all support the rule that a new trial for newly discovered evidence should be refused where the existence of such evidence was known prior to the trial. We are of the opinion, and so hold, that the motion for a new trial was without merit.

The refusal of the court to sustain a motion for a judgment non obstante veredicto

was not excepted to, and therefore said motion will not be considered.

"Errors alleged to have occurred at the trial in the lower court, unless the same are excepted to, will not be considered on review in this court." Strahan v. De Soto Paint Mfg. Co., 55 Okla. 444, 154 Pac. 1128.

However, had the refusal of the court to entertain the motion for judgment non obstante veredicto been excepted to, by reason of the failure of the plaintiff to demur to the evidence or to ask for an instructed verdict in its favor, the evidence in this case, as previously said, is not before this court, and without having the evidence before us we could not intelligently review the action of the court on such motion, and consequently would decline to consider the same.

It is seriously contended by the plaintiff that the court was without authority to include in the cost, and render judgment therefor for the defendant, an attorney's fee.

Section 3877, Revised Laws 1910, provides:

"In an action brought to enforce any lien the party for whom judgment is rendered shall be entitled to recover a reasonable attorney's fee, to be fixed by the court, which shall be taxed as costs in the action."

It cannot be questioned that this action was not only to recover upon the note sued upon, but also to enforce a lien which the plaintiff claimed to have on the stock evidenced by the certificates of stock which had been deposited as collateral for the note, and that therefore, the defendants having recovered in the action, an attorney's fee for him may properly be included in the cost. But a serious question arises as to whether or not such fee can be fixed by the court without evidence as to the value of the attorney's fee.

The cases of Futoransky v. Pope, 57 Okla. 707, 157 Pac. 905, L. R. A. 1916F, 548, and Continental Gin Co. v. Sullivan, 48 Okla. 332, 150 Pac. 209, cited by defendant in error, we do not think are in point, for the reason that the amount of attorney's fee in each of said cases is fixed at 10 per cent. in the note. In short, the amount of attorney's fee in said cases was contracted for at a given sum, and hence evidence was not necessary to establish the value of the attorney's fee involved in said cases.

The authorities are not entirely harmonious as to whether the court, without evidence, can award an attorney's fee, when such attorney's fee is authorized by statute.

Section 3877 was adopted from Kansas and after same had been practically construed, and we prefer to follow the view laid down in Kansas that at attorney's fee cannot be taxed by the court without evidence as to the value of such fee.

In State of Kansas, on the Relation of Charles Curtis, County Attorney, v. Frank Durein et al., 46 Kan. 695, 27 Pac. 148, it is held:

"Upon the rendition of a judgment in such contempt proceedings, the court rendering the same may allow a reasonable attorney's fee in favor of the plaintiff and against the defendant therein, to be taxed and collected with other costs in the case; but no such allowance can be made in the absence of any proof as to what constitutes a reasonable fee."

In Missouri Pacific Railway Company v. J. C. Merrill, 40 Kan. 404, 19 Pac. 793, it is said:

"It is true the statute provides that the court shall allow a reasonable attorney's fee, which shall become a part of the judgment. The word 'court,' however, was doubtless used by the Legislature in the broader sense as including both judge and jury or judge alone, according as the court may be constituted when the trial occurs. What is a reasonable attorney's fee is a question of fact which should be submitted and determined the same as any other fact arising in the case."

These Kansas authorities are not in conflict with the decisions of our own court in the cases of Futoransky v. Pope and Continental Gin Company v. Sullivan, supra, relied upon by defendant.

We are of the opinion, and so hold, that the court in awarding an attorney's fee as part of the costs was in error, but it is not such an error as should work a reversal of this cause, and therefore the judgment is modified so as to exclude from said costs taxed the said attorney's fee allowed defendant in the sum of $50, and, as so modified, affirmed.

By the Court: It is so ordered.

THACKER, J. I dissent from the proposition announced in the fifth paragraph of the syllabus in this case. Section 4535, Stats. 1893 (section 3877, Rev. Laws 1910) reads as follows:

"In an action brought to enforce any lien the party for whom judgment is rendered shall be entitled to recover a reasonable attorney's fee, to be fixed by the court, which shall be taxed as costs in the action."

As the trial judge had before him, in the nature of the case, in the amount involved, in the duration of the trial, in the skill and ability required and exercised by the attorneys for the defendant, and in the pleadings of the defendant upon which the case was

tried if not in any other pleadings, and in the result of the services of the attorneys, etc., sufficient elements of the value of at least a part of the legal services utilized by the defendant, and as all of these elements except the skill and ability actually exercised in the arguments made are shown by the case-made, and it should be presumed as in deference to the action of the judge that he knew the customary charges for such services (Bell v. Barnet, 2 J. J. Marsh. [Ky.] 516, 531, 532), it is assumed that the opinion of the commissioner in so far as it holds that there is no evidence as to the value of the services of an attorney which the defendant was entitled to recover as a reasonable fee is directed against the absence of an affirmative showing in the case-made of the opinions of qualified witnesses as to the customary charges or as to the value of the services shown by the evidence to have been utilized by the defendant in the instant case. As the trial judge had all the elements of value, in at least a part of the services rendered, before him, and as nothing more could have been shown as a basis for an allowance of a fee for so much of such services unless it be the opinion of a qualified witness predicated upon such elements of value it appears that the opinion of the commissioner must be construed as holding that the trial judge cannot exercise his own judgment and reach a conclusion as to the value of such services from such elements of value, but must have the opinion of such witness.

In the instant case it does not appear that either party offered to adduce or were refused an opportunity to adduce the opinions of qualified witnesses as to the amount which would be a reasonable attorney's fee for the defendant, nor that there was any demurrer to the sufficiency of the evidence before the judge, nor that there was any manner of protest against his finding from such evidence as was before him what would be a reasonable fee. Neither party demanded a trial of this question to a jury, and no sort of objection was made to the action of the judge in adjudicating the question as he did until the motion for a new trial was filed, nor then except by the general allegations of "error in the assessment of the amount recovered," and "that the verdict and judgment are not sustained by sufficient evidence and are contrary to law." Assuming for the purpose of discussion only that the defendant was entitled to a trial of this question to a jury, his right to such trial was waived, and is not now involved in this case. As the opinion of qualified witnesses as to the value of services can

add nothing to the elements of value in such services from which such inference of the value of the same must be drawn alike by the witnesses and by the judge or jury, but are received merely to aid the judge or jury in making correct inferences, and to furnish them a guide in the event they find themselves unable to reason from such elements of value in the service rendered to such inferred value of the same, such opinion evidence is never legally necessary, although it may be forensically so, to justify or sustain a finding of such value.

For a somewhat, although not perfectly, analogous illustration of the last above statement, it may be remembered that cases often arise in which it is forensically necessary that a litigant have a competent attorney to classify and elucidate the facts and to call the attention of the judge or jury in argument to the inferences that should be drawn and to the reasoning which should be exercised in doing so; but, as the judge or jury must ultimately determine for themselves as far as they can from the evidential facts what inferences should be drawn, and such arguments are merely intended to aid them in doing so correctly, such arguments are never legally necessary to a party's right to prevail in a case, and no one would contend that they are. So the opinion of witnesses, based upon the evidential facts in the case, may be forensically necessary to enable a party to prevail in his case; but such opinions are never necessary to his legal right to do so. Opinion evidence as to values, or as to other matters, is admissible when it reasonably appears to the trial judge that the jury may not possess sufficient general knowledge or have sufficiently well trained reasoning faculties in respect to the question in issue to enable them to arrive at a correct conclusion without the aid of such opinions; but the preliminary decision of the judge that the jurors are in need of such aid is not conclusive upon them; and they are in duty bound to ultimately exercise their own reasoning powers and judgment upon the evidential facts so far as they are able to do so, and thus incidentally determine for themselves whether and to what extent such opinion evidence was necessary and helpful.

Of course, the general knowledge of jurors of such values or their training in reasoning upon such evidential facts may be so inadequate that they may be compelled to rely entirely upon the opinion of witnesses in that regard; but, in so far as it affects their duty and verdict, this question must ultimately be determined by them, and not

by the judge. The judge merely determines whether they shall have access to this source of supply for such deficiency as they may find in themselves when they come to determine the question; that is, the judge merely determines whether there is sufficient probability that they will need the aid of opinioned evidence to justify its admission for their consideration, although their findings must be within the bounds of reason when tested by the opinion of the judge upon a motion for a new trial. The opinions of witnesses as to the value of legal services is a species of expert or at least of quasi expert testimony.

In 3 Modern Law of Evidence, § 2376, it is said:

"The use of expert testimony has at no time been greatly affected by procedure From the beginning such a witness was introduced almost, it might be said, as an amicus curiae, a friend of the court."

In Id. § 2377, it is said:

"In case of the expert, however, the inadequacy which the witness is to supply is in the reasoning powers of the jury. * * * To put the matter in a somewhat different form, the expert assists the proponent by re-enforcing the soundness of the reasoning involved in his case."

In Id. § 2372, it is said:

"Each litigant is entitled to insist not only that reason should be applied to the facts of his case, but also that the application be made by the jury, so far as the latter are competent for the work. The clear danger that a trial by jury may become one by experts is regarded with apprehension by judicial administration. A clear warrant will be required at the hands of the proponent for receiving such testimony."

In Id. § 2171f, it is said:

"A qualified expert to whom certain technical services have been detailed may give his judgment as to their value. * * * Thus a lawyer may testify as to the worth of legal services. * * * The weight of such an inference is to be determined, subject to the limitations prescribed by reason, entirely by the jury. No conclusive effect is accorded to the opinion of the witness, however skilled he may be."

In Id. §§ 2172a, 2173, it is said:

"The jury are not necessarily obliged to follow the estimate of a witness simply because he is uncontradicted. Such inferences are not conclusive. It is to be remembered that the conclusion of a witness as to value is merely secondary evidence displacing, only to the extent that seems to be necessary, the reasoning of the jury upon the primary phenomena narrated by witnesses. It follows that neither the inference nor conclusion of an observer nor the more ripened

judgment of the expert relieves the jury of the duty of doing their own reasoning with regard to the facts of the case.

"American courts have gone to very considerable lengths, in this respect, in carrying out the so-called democratic policy of extending the function of the jury at the expense of that of the court. They have been permitted to act of their own knowledge, in the absence of all evidence, as to the fact regarding the value of property or services of a technical nature. For example, the fair price for an attorney's work may be fixed by the jury. The same rule has been applied to the findings of a jury as to the value of other services requiring special skill and experience, e. g., those rendered in the compilation of municipal charters and ordinances."

See 1 Mod. Law of Evidence by Chamberlayne, § 411 et seq., Id. § 1791 et seq., and sections 2371-2373 et seq.; 2 Jones, Commentaries on Evidence, § 392 (394).

In Choctaw, Oklahoma & Gulf Ry. Co. v. Deperade, 12 Okla. 367, 71 Pac. 629, where the question arose as to the value of domestic animals, this court held that the "opinions of witnesses are not binding upon a jury, but persuasive merely"; and if they are not binding it must be because they are not necessary to support a finding of value by judge or jury, that is, because the judge or jury may act upon their own opinion based upon the elements of value which would be given the expert to enable him to form an opinion if he should be called as a witness.

In the case of Colley v. Sapp, 44 Okla. 16, 142 Pac. 989, 1193, where authorities even more precisely in point here than that case are cited, it was held:

"The opinion of witnesses as to the value of services of attorneys is not conclusive upon the jury. * * *"

If such opinions are not conclusive upon them it logically follows that, although such opinions may be forensically necessary, they are not legally necessary to the proof of the value of legal services; and this seems to be well settled by the authorities.

In Head v. Hargrave, 105 U. S. 45, 26 L. Ed. 1028, where the Supreme Court of the United States condemned an instruction that the jury "must determine the value of the services rendered from the evidence that has been offered before" them, "and not from" their "own knowledge or ideas of the value of such services," that court in an opinion by Mr. Justice Field said:

"It was the province of the jury to weigh the testimony of the attorneys as to the value of the services, by reference to their nature, the time occupied in their performance, and

other attending circumstances, and by applying to it their own experience and knowledge of the character of such services. To direct them to find the value of the services from the testimony of the experts alone was to say to them that the issue should be determined by the opinions of the attorneys, and not by the exercise of their own judgment of the facts on which those opinions were given. The evidence of experts as to the value of professional services does not differ, in principle, from such evidence as to the value of labor in other departments of business or as to the value of property. So far from laying aside their own general knowledge and ideas, the jury should have applied that knowledge and those ideas to the matters of fact in evidence in determining the weight to be given to the opinions expressed; and it was only in that way that they could arrive at a just conclusion. While they cannot act in any case upon particular facts material to its disposition resting in their private knowledge, but should be governed by the evidence adduced, they may, and to act intelligently they must, judge of the weight and force of that evidence by their own general knowledge of the subject of inquiry. If, for example, the question were as to the damages sustained by a plaintiff from a fracture of his leg by the carelessness of a defendant, the jury would ill perform their duty, and probably come to a wrong conclusion, if, controlled by the testimony of the surgeons, not merely as to the injury inflicted, but as to the damages sustained, they should ignore their own knowledge and experience of the value of a sound limb. Other persons besides professional men have knowledge of the value of professional services; and, while great weight should always be given to the opinions of those familiar with the subject, they are not to be blindly received, but are to be intelligently examined by the jury in the light of their own general knowledge; they should control only as they are found to be reasonable.

"As justly remarked by counsel, the present case is an excellent illustration of the error of confining the jury to a consideration merely of the opinions of the experts. Of the five attorneys who were witnesses, no two agreed; and their estimates varied between the extremes of $1,000 and $5,440. Directing the jurors to determine the value of the professional services solely upon these varying opinions was to place them in a state of perplexing uncertainty. They should not have been instructed to accept the conclusions of the professional witnesses, in place of their own, however much that testimony may have been entitled to consideration. The judgment of witnesses, as a matter of law, is, in no case to be substituted for that of the jurors. The instructions tended to mislead as to the weight to be given to the opinions of the attorneys, especially after qualifications of them designed to correct any misconception on this head were refused.

"In Anthony v. Stinson [4 Kan. 211], a question similar to the one here presented came before the Supreme Court of Kansas, and a like decision was reached."

In Spencer v. Collins, 156 Cal. 298, 104 Pac. 320, 20 Ann. Cas. 49, it was held:

"Expert evidence is admissible to prove the value of an attorney's services, but it is not necessary. The court or the jury may find the value from evidence showing the extent and nature of the services rendered."

In an exhaustive note to this case, by the editor of 20 Ann. Cas. 49, it is said:

"In proving the reasonable value of an attorney's services, it is not absolutely necessary that the evidence of expert witnesses should be given."

See Stanton v. Embry, 93 U. S. 548, 23 L. Ed. 983; Forsyth v. Doolittle, 120 U. S. 73, 7 Sup. Ct. 408, 30 L. Ed. 586.

In Nogtzger v. Thomas Moffett et al., 63 Kan. 354, 65 Pac. 670, it was held:

"Where the character and importance of the litigation, the labor and time expended by the attorney therein and the result of the same are shown or conceded, the court has a basis for determining the value of the services rendered by the attorney without the opinion of experts as to such values; and where it thus appears that the attorney was entitled to a substantial recovery for such services, the court erred in holding that he was not entitled to recover anything."

Also see Bentley v. Brown, 37 Kan. 14, 14 Pac. 434, to the same effect.

Some of the foregoing authorities are precisely in point, and the others are evidently based upon the same principle that in my opinion should be applied in the instant case, that is, upon the duty and legal power of the judge or jury to determine the value of professional services from the evidence of the nature of the case, the amount involved, and the extent and character of such services, the result of such services, etc., so far as they find themselves able to do so and upon the legal right of a litigant to recover upon proof of such elements of value in such services without adducing opinion evidence. Ordinarily neither party to such a controversy will leave the judge or jury unaided by opinion evidence; but this does not affect the question of their right to prevail, however much it may affect the question of their chance to do so, or, in other words, the question of the probability of their obtaining a correct decision.

There was no absence of any other species than opinion evidence as to the value of the services which the judge found to be worth

$50, as I have already shown; and the mere obsence of such evidence, even if this point had been specifically made by demurrer to the evidence, by motion for new trial, or otherwise, is certainly no ground for reversing the judgment in this respect.

I think the entire judgment should be affirmed.